UNITED STATES, Appellee

v

FRED D. TINDOLL, Private First Class,
U. S. Army, Appellant

16 USCMA 194, 36 CMR 350

No. 19,101

April 15, 1966

*Captain Peter A. Anderson* argued the cause for Appellant, Accused.
With him on the brief were *Colonel Joseph L. Chalk* and *Lieutenant Colonel
Martin S. Drucker.*

*Captain Anthony L. Tersigni* argued the cause for Appellee, United States. With him on the brief were *Colonel Joseph J. Crimmins* and *Lieutenant Colonel Francis M. Cooper*.

## Opinion of the Court

KILDAY, Judge:

The appellant was convicted of four specifications of taking indecent liberties with a female under the age of sixteen, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. He was sentenced to a dishonorable discharge, total forfeitures, and confinement at hard labor for three years. Intermediate appellate authorities approved the conviction and the board of review reduced the period of confinement to eighteen months.

Our grant of appellant's petition was limited to specification four and the law officer's instruction with regard thereto. In the specification it is alleged, in pertinent part, that the appellant did "take indecent liberties with the body of . . . a female under sixteen years of age, by kissing her on the mouth with intent to gratify . . . [his] sexual desires." Counsel aver that this specification does not allege an offense, on the ground that an allegation of kissing without more is not in itself indecent; and, in the alternative, that the law officer erred in not instructing the court that, in order to convict under this specification, it must be convinced beyond a reasonable doubt that the alleged kiss was, under all the facts and circumstances, indecent.

The true test of the sufficiency of a specification is whether it contains the elements of the offense intended to be charged (United States v Marker, 1 USCMA 393, 3 CMR 127; Hagner v United States, 285 US 427, 76 L ed 861, 52 S Ct 417 (1932)), including words importing criminality or an allegation as to intent or state of mind where this is necessary. Paragraph 28a(3), Manual for Courts-Martial, United States, 1951; United States v Hemp, 1 USCMA 280, 3 CMR 14; United States v Herndon, 1 USCMA 461, 4 CMR 53.

In the case at bar, the appellant was charged with taking indecent liberties with intent to gratify his sexual desires by kissing. We wholeheartedly agree with appellate defense counsel that "In our culture the familiar act of an adult kissing a child can symbolize a variety of emotions." But as we stated in United States v Holland, 12 USCMA 444, 445, 31 CMR 30:

". . . Under some circumstances a particular act may be entirely innocent; under other conditions, the same act constitutes a violation of the Uniform Code. United States v Bluel, 10 USCMA 67, 27 CMR 141; United States v Lowe, 4 USCMA 654, 16 CMR 228."

While the act of kissing a child, standing alone, may not be legally actionable, the fact that it was charged as indecent and with intent to gratify sexual desires, is sufficient to exclude any possibility that the appellant's behavior was accidental or that the conduct charged could reasonably be interpreted as innocent. United States v Gaskin, 12 USCMA 419, 31 CMR 5; United States v Holland, supra; United States v Annal, 13 USCMA 427, 32 CMR 427. In addition, in determining whether a given act with a child is indecent, the age of the latter is important. As stated by the Supreme Court of Washington in State v Winger, 41 Wash 2d 229, 248 P2d 555, 557 (1952):

". . . Evidence of the girl's age at the time of the alleged offense has a definite relation to the question of whether the alleged liberties taken were indecent."

Accordingly, we hold that the specification is legally sufficient.

Similarly, we find no error in the law officer's instructions to the court with regard to this specification. Particularly, the law officer told the court that in order to find the appellant

**195**

guilty of the offense of indecent liberties with a minor

". . . it must be satisfied by competent and legal evidence beyond a reasonable doubt:

"(1) That, at the time and place alleged in each specification, the accused took indecent liberties with the body of . . .; as to Specification 4, by kissing her on the month;

. . . . .

"(3) That the intent of the accused in each instance was to gratify his sexual desires; and

. . . . .

". . . that the term 'indecent' means offensive to common propriety, offending against modesty or delicacy, grossly vulgar or obscene."

Counsel urge that under these instructions, if the court found that the appellant did in fact kiss the alleged victim, an indecent liberty was thereby established. This view, however, ignores an essential portion of these same instructions which required the court to find that the intent of the appellant, at the time he kissed the minor female, was to gratify his sexual desires. As the law officer also told the court:

". . . intent ordinarily cannot be proved by direct evidence because there is no way of fathoming and scrutinizing the operation of the human mind. . . . However, intent may be inferred from circumstances, from things done, and from things said. Therefore, you are advised that intent may be proved by circumstantial evidence. That is, by facts and circumstances from which you may, according to the common experience of mankind, reasonably infer the existence of an intent and from which the only reasonable and justifiable inference is that the accused had such an intent. The weight, if any, to be given an inference of the accused's intent must, of course, depend upon the circumstances attending the proved facts which give rise to the inference as well as all the other evidence in the case. It is for the court to determine what intent, if any, existed."

The principal purpose of the law officer's instructions to the court members is to explain the law applicable to the case, in order that the court-martial may apply the law to the facts and return a verdict. United States v Noe, 7 USCMA 408, 22 CMR 198. See also Bird v United States, 180 US 356, 45 L ed 570, 21 S Ct 403 (1901). Instructions should be "lucid guideposts" for the triers of fact. United States v Smith, 13 USCMA 471, 474, 33 CMR 3.

In the case at bar, we believe that the law officer furnished "lucid guideposts" for the court. To have amplified thereon, as urged by counsel, would have been redundant—in essence, a restatement of the elements and the definition of intent. It was the appellant's intent in performing what is ordinarily classified as an innocent action, together with the attendant circumstances and all the other evidence in the case, which, if the court determined had as its purpose sexual gratification, placed this display of affection in the category of indecent behavior. United States v Annal, 13 USCMA 427, 32 CMR 427. No additional instructions or clarification were needed.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge FERGUSON concur.