UNITED STATES, Appellant

v.

Richard G. STRODE, Jr., Airman Basic
U.S. Air Force, Appellee.

No. 94–5004.
CMR No. 29734.

U.S. Court of Appeals for
the Armed Forces.

Argued Feb. 14, 1995.

Decided Sept. 26, 1995.

**30**

For the Accused: *Major Ormond R. Fodrea* (argued); *Lieutenant Colonel Frank J. Spinner* and *Captain Gilbert J. Andia, Jr.* (on brief).

For the United States: *Colonel Thomas E. Schlegel* (argued); *Colonel Jeffery T. Infelise* and *Captain Jane M.E. Peterson* (on brief); *Major Barnard N. Madsen.*

### Opinion of the Court

COX, Judge:

1. A general court-martial convicted Airman Strode, pursuant to his pleas, of sodomy with a child and committing an indecent act, in violation of Articles 125 and 134, Uniform Code of Military Justice, 10 USC §§ 925 and 934, respectively. The military judge sentenced him to a bad-conduct discharge, 6 months' confinement, and partial forfeitures. The convening authority approved this sentence on February 12, 1992.

2. The Court of Military Review[1] set aside the findings of guilty to the Charge and specification under Article .134, alleging that the accused committed an indecent act. 39 MJ 508, 513 (1993). A majority of that court concluded that the accused's responses concerning the age of the victim suggested a

mistake-of-fact defense, thus rendering his pleas improvident. Art. 45(a), UCMJ, 10 USC § 845(a). However, they held that this error was not prejudicial as to sentence.

3. The Acting Judge Advocate General of the Air Force thereupon certified the following questions of law to this Court:

### I

WHETHER THE AIR FORCE COURT OF MILITARY REVIEW ERRED IN HOLDING THAT [THE ACCUSED] RAISED MATTERS INCONSISTENT WITH HIS PLEA OF GUILTY TO [COMMITTING] INDECENT ACTS WITH A CHILD.

### II

WHETHER THE AIR FORCE COURT OF MILITARY REVIEW ERRED IN HOLDING THAT A MISTAKE OF FACT AS TO THE AGE OF THE VICTIM CONSTITUTED A DEFENSE TO [COMMITTING] INDECENT ACTS WITH A CHILD BECAUSE THE ACT WOULD NOT HAVE BEEN INDECENT AND MIGHT NOT HAVE BEEN SERVICE DISCREDITING HAD THE VICTIM BEEN AS OLD AS [THE ACCUSED] BELIEVED, WHEN [THE ACCUSED] WAS A TWENTY–TWO–YEAR–OLD MARRIED AIRMAN AND THE VICTIM WAS A THIRTEEN–YEAR–OLD FEMALE.

4. The providence inquiry and stipulation of fact show that the accused met the victim in a parking lot during an evening of drinking and celebrating the birthday of a fellow airman. He told the military judge that he was asleep in the back seat of an automobile when he was awakened by the victim who was rubbing his genital area. They returned to the apartment of one of the airmen, where the accused and the victim retired to a bedroom. After some conversation, they undressed and laid down on the bed. The accused kissed her, inserted his finger into

1. *See* 41 MJ 213, 229 n.* (1994).

her vagina, and performed oral sex on her.[2] The digital penetration constituted the indecent act.

5. During his discussion of the offenses with the military judge, the accused stated that, after a review of the Government's evidence, he recognized that the victim was under 16 years of age. In response to the military judge's inquiry during the tender of the guilty pleas, the accused responded to questions about the victim's age, as follows:

> MJ: Tell me this, as we sit here in court today, are you satisfied in your own mind that she was a female under 16? I'm not talking about what you thought at the time. I'm talking about today— are you satisfied she was, in fact, under 16?
>
> ACC: No, sir.
>
> MJ: You're not? Do you think she may have been over 16 or 16?
>
> ACC: Yes, sir.

6. Further inquiry by the military judge demonstrated that the accused had learned after the incident that the victim was under age, but at the time of the offense, he believed that she was at least 16 years old or older. To this state of affairs the military judge had said: "It doesn't matter what you thought when it took place—".

7. The Court of Military Review concluded that this response rendered accused's pleas improvident, stating:

> We find that the private, consensual, noncommercial, heterosexual act of foreplay committed by the 22–year–old married Airman Strode was *beyond* the "outer limits of what [can] be sustained as indecent. . . . [*Quoting United States v.*

*Woodard,* 23 MJ 514, 517 (AFCMR 1986), *vacated,* 23 MJ 400(CMA), *findings set aside on other grounds,* 24 MJ 514 (AFCMR 1987); *contra United States v. Zelenski,* 24 MJ 1 (CMA 1987).] We conclude that *when the victim's age is disregarded,* Airman Strode's conduct was not criminal. . . .

39 MJ at 512. This holding is clearly at odds with the military judge's comment to the accused.

8. The real issue in this case is: whether the military judge erred when he concluded that the accused's belief as to the age of the victim "doesn't matter."

9. Does it matter? In *United States v. Sadler,* 29 MJ 370, 377–78 (CMA 1990), we expressed, in *dicta,* the belief that the defense of mistake as to the victim's age might lead a "factfinder" to "conclude that the circumstances leading to an accused's mistake about age were so understandable that the conduct simply did not bring discredit upon the armed forces. . . ." Thus, the defense might be available to an offense founded upon the general article, Article 134 of the Code. The defense is not, however, presently available to the "strict liability" offenses of carnal knowledge and sodomy. Arts. 120(b) and 125, UCMJ, 10 USC §§ 920(b) and 925, respectively.

10. Again, in *United States v. Stocks,* 35 MJ 366 (CMA 1992), we had occasion to consider under what circumstances sexual acts not otherwise specifically proscribed by the Uniform Code of Military Justice might constitute "indecent acts" founded upon the general article, Article 134. There, we con-

---

**2.** Neither Appellate Exhibit I, the Stipulation of Fact, nor the military judge's inquiry resolves the sequence of events. A pretrial statement from the accused to the investigator from the Air Force Office of Special Investigations leads one to conclude that he initially inserted his finger and then performed oral sex upon the victim, but that he was too intoxicated to perform sexual intercourse. However, at one point during the providence inquiry appellant stated that he "inserted his finger" "at the same time" he "performed oral sex"; and at another point in the inquiry he stated that it was "after the oral sex

part of it" that he inserted his finger. We have no occasion to consider on this record whether the indecent act of digital penetration was sexual foreplay leading to sodomy; sexual foreplay leading to carnal knowledge; or was a separate and distinct criminal offense. *See United States v. Foster,* 40 MJ 140, 146 (CMA 1994) (committing indecent acts lesser-included offense of forcible sodomy). In any event no motion was made to dismiss the Charge for multiplicity, but the military judge treated the two offenses as multiplicious for sentencing. The Court of Military Review would not have erred if they had dismissed the indecent-act offense as multiplicious.

cluded that acts amounting to "mere foreplay" do not constitute indecent acts if the resulting sexual intercourse in and of itself would not constitute an unlawful act. However, we were quick to qualify the opinion by reminding bench and bar that this holding was "logically and legally distinguishable from a situation in which the ultimate act of sexual copulation that would follow such foreplay is specifically proscribed in Article 120(b) or 125 of the Code." 35 MJ at 367 (citations omitted). *Stocks* focused upon the character of the conduct rather than upon the age element alleged in this case.

■ 11. These two opinions are clearly reconcilable. We construe them to say that foreplay leading to lawful sexual intercourse may not be the basis for the charge of committing indecent acts. Sexual acts may be made the basis for an indecent-acts offense if the resulting conduct is service-discrediting or if the acts constitute foreplay to the ultimate criminal sexual acts of sodomy or carnal knowledge. Because mistake of fact as to the age of the victim would not constitute a defense to carnal knowledge or to sodomy, likewise it does not constitute a defense to committing indecent acts upon a child under the age of 16, if such acts were done as foreplay to the resulting crimes. Thus, mistake of fact as to age is no defense to attempted carnal knowledge or to attempted sodomy.

12. Here, the specification at issue reads as follows:

SPECIFICATION In that [the accused] did, at or near Shreveport, Louisiana, on or about 15 September 1991, commit an indecent act upon the body of [the victim], a female under 16 years of age, not the wife of the [accused] by placing his finger in her vagina, with intent to gratify the sexual desires of the said [accused].

13. Here, *as charged*, it is not at all clear the accused was being prosecuted under the theory of foreplay leading to carnal knowledge. Neither the providency inquiry nor the stipulation of fact develops the theory along these lines. *As charged*, a mistake-of-fact defense was thus available.

■ 14. Unlike an offense charged under Article 120(b), for offenses charged under Article 134, the age of the victim is relevant for two salient purposes: First, the age of the victim is a sentence-enhancing factor. If one commits an indecent act upon an adult, the authorized maximum punishment is less than the authorized maximum for the same indecent act if committed upon a child. *Compare* para. 90(e) *with* para. 87(e), Part IV, Manual for Courts–Martial, United States 1984. Mistake of fact as to age does not change the maximum authorized punishment but may serve as a mitigating circumstance under the sentencing rules.

■ 15. Second, age is relevant to prove the elements that the act was indecent and service-discrediting. An act that may not be indecent between consenting adults may well be made indecent because it is between an adult and a child. *See United States v. French*, 31 MJ 57, 59 (CMA 1990); *United States v. Tindoll*, 16 USCMA 194, 195, 36 CMR 350, 351 (1966).

16. But there is no *per se* rule. One must always look to the elements of proof to see if there is an indecent act, done with the specific intent to arouse, appeal to, or gratify the lust, passions, or sexual desires of the accused, the victim or both, and the acts must be done under service-discrediting circumstances. The age of the victim must be proved to convict an accused of the greater offense, but there is no magic line of demarcation between decent acts and indecent acts based precisely on the age of the sex partner. The age of the child is relevant to prove the elements, and the knowledge of the accused as to the age of the victim is likewise relevant.

■ 17. Thus, we conclude that the Court of Military Review was correct. The military judge did err when he told the accused that his belief as to the age of the

victim did not matter. This error rendered the relevant pleas improvident. 39 MJ at 512–13. Mistake of fact is available to a military accused who is charged with committing indecent acts with a child under the age of 16 if he had an honest and reasonable belief as to the age of the person *and* if the acts would otherwise be lawful were the prosecutrix age 16 or older.[3]

■ 18. In any event, in this case the military judge treated the indecent-act offense as multiplicious with the sodomy offense as to the sentence. Perhaps, the military judge foresaw our opinions in *United States v. Foster*, 40 MJ 140 (CMA 1994), and *United States v. Teters*, 37 MJ 370 (CMA 1993), *cert. denied*, ——— U.S. ———, 114 S.Ct. 919, 127 L.Ed.2d 213 (1994). We are satisfied, however, that the ultimate result in this case accurately reflects accused's misconduct on the night in question.

Accordingly, we answer the certified questions in the negative.

The decision of the United States Air Force Court of Military Review setting aside the findings of guilty as to the indecent-acts offense and affirming the remaining findings and the sentence is affirmed. Charge II and its specification are dismissed.

Judges CRAWFORD, GIERKE, and WISS concur.

SULLIVAN, Chief Judge (dissenting):

19. This is a guilty-plea case where the accused admitted his acts were indecent and constituted conduct prejudicial to good order and discipline under the circumstances of this case. He admitted his act of inserting his finger in the girl's vagina occurred *while he was committing oral sodomy on her*. He further admitted that the girl involved *was 13*, although she held herself out as 16. Fi-

nally, he acknowledged that he was *22 years old and married to another woman* at that time. Under our precedents, this conduct would have been indecent even if the girl was 16 as the accused believed. *See United States v. Stocks*, 35 MJ 366 (CMA 1992). I would reverse the contrary legal holding of the Court of Military Review and conclude that no substantial conflict was raised with respect to these guilty pleas. *See generally United States v. Prater*, 32 MJ 433 (CMA 1991).

20. The majority holds for the first time in a guilty-plea case that a mistake of fact as to the age of the victim is a "defense" to a charge of committing indecent acts with a minor. It limits this defense to cases where the alleged indecent act would be *otherwise lawful* if engaged in by consenting adults. ¶ 17. It then proceeds to invalidate the accused's guilty pleas because the only theory of indecency *pleaded* in his case was the minor age of the victim. I disagree with this judicial legislation and its establishment of a new rule for pleading the commission of indecent acts with a child. Moreover, even accepting this defense as established by the majority, it would be inapplicable in this case because his acts were indecent under our case law even if the girl involved was over 16.

21. Turning first to the new pleading rule, I note that the specification challenged in this case states:

SPECIFICATION: In that [the accused] did, at or near Shreveport, Louisiana, on or about 15 September 1991, commit an indecent act upon the body of [the victim], a female under 16 years of age, not the wife of the said [accused], by placing his finger in her vagina, with intent to gratify the sexual desires of the said [accused].

22. The majority opines that this offense as pleaded limits consideration of the inde-

---

3. Ironically, Congress has pending before it a proposal to amend Article 120(b), Uniform Code of Military Justice, 10 USC § 920(b), to permit a mistake-of-fact defense by a military member who reasonably believed that the victim had attained the age of 16 and the victim was, in fact, at least 12 years old. Even if the amendment

were in place, it is of no moment in a prosecution for committing indecent acts. The Government must prove the acts were indecent, and the age of the victim is but one factor among many to be considered. [This amendment was enacted in Pub.L. No. 104–106, § 1113(b), 110 Stat. 462 (1996).]

cency of appellant's act to the age of the victim. This conclusion I must reject for several reasons: First, to allege an indecent act with a child warranting increased punishments it was necessary to allege the age of the victim as being under 16. *See* para. 87b(1)(b) and (e), Part IV, Manual for Courts–Martial, United States, 1984. Second, an allegation that the charged acts were indecent has long been recognized as sufficient to allege this offense leaving to proof the particulars of the indecency. *United States v. French,* 31 MJ 57, 60 (CMA 1990); *United States v. Tindoll,* 16 USCMA 194, 36 CMR 350 (1966); *United States v. Holland,* 12 USCMA 444, 31 CMR 30 (1961); *see generally United States v. Davis,* 26 MJ 445 (CMA 1988). The majority's pleading approach to this case is unwarranted.

23. It is also surprising to me that the majority for the first time would establish a new "defense" (mistake of fact as to the age of the victim to a charge of committing indecent acts with a minor) in a guilty-plea case.

In this regard, I note that Judge Cox has "often expressed [his] reservations about making substantive law on a guilty-plea record." *United States v. Byrd,* 24 MJ 286, 293 (CMA 1987) (concurring in the result); *e.g., United States v. Harrison,* 26 MJ 474 (CMA 1988). In addition, the majority invalidates appellant's guilty pleas on the basis of a mere possibility that such a defense exists to an offense as charged. *Contra United States v. Clark,* 28 MJ 401, 407 (CMA 1989)(" 'the [mere] tactical possibility of raising a defense' does not of itself warrant rejection of an otherwise provident plea."). Finally, it applies the defense in this case where his admissions clearly establish the unlawfulness of his conduct even if the victim was 16 as he purportedly believed. *See* RCM 916(j), Manual, *supra.* This clearly was not an act which was otherwise lawful if committed by consenting adults. *See United States v. Strode,* 39 MJ 508 (AFCMR 1993); *see also* para. 62(d), Part IV, Manual, *supra* (recognizing attempted adultery as an offense.)