Senior Judge SULLIVAN
delivered the opinion of the Court.
Bobby Baker II, an Airman Basic (E-l) in the United States Air Force, was tried by a general court-martial composed of officer and enlisted members in January 2000, at the Royal Air Force Base (RAF), Mildenhall, United Kingdom. After entering mixed pleas and a trial on the merits, he was found guilty of two specifications of failing to obey the order of a superior officer, larceny from the base exchange, sodomy, and committing indecent acts with a female under the age of 16, in violation of Articles 92, 121, 125, and 134, Uniform Code of Military Justice *331 (UCMJ), 10 USC §§ 892, 921, 925 and 934. The members sentenced appellant to a bad-conduct discharge, confinement for 105 days, and forfeiture of all pay and allowances. On April 19, 2000, the convening authority approved the sentence and, on August 28, 2000, the Air Force Court of Criminal Appeals summarily affirmed the findings of guilty and sentence in an unpublished opinion.
We initially granted appellant’s petition for review to determine whether the evidence was legally sufficient to sustain one of the findings of guilty committing indecent acts with a female under the age of 16). After hearing argument on this issue, this Court specified and heard additional oral argument on the following issue:
WHETHER PLAIN ERROR OCCURRED WHERE THE MILITARY JUDGE FAILED TO GIVE TAILORED INSTRUCTIONS TO THE MEMBERS ON HOW TO DETERMINE CONDUCT WAS INDECENT WHEN REQUESTED BY THOSE MEMBERS.
We now hold that the military judge committed plain error when she failed to provide adequately tailored instructions on the issue of indecency after a court-martial member asked for such instructions. Accordingly, we set aside appellant’s conviction for committing indecent acts with a female under the age of 16. See United States v. Strode, 43 MJ 29 (1995); and Pierson v. State, 956 P.2d 1119 (Wyo.1998); see generally United States v. Eckhoff, 27 MJ 142, 145 (1988).
Specifically, in a session pursuant to Article 39(a), UCMJ, 10 USC § 839(a), and after deliberations began, a member asked a specific question about indecent acts: “... Should we or should we not consider ‘... [appellant’s] age, education, experience, prior contact with ... ’ or proximity of age to 17 years 364 days when determining whether the acts with [KAS] were indecent per requirement (3)—‘that the acts of [appellant] were indecent.’ ” The judge answered this question with the general instruction that “when you’re dealing with the other offense [the indecent acts charge at issue], we don’t specifically talk about that. But my instruction to you is [that] you should consider all the evidence you have, and you’ve heard on the issue of what’s indecent.” (R. 482-83).
In our view, this general instruction was clearly inadequate guidance for the members to decide the issue of the indecency of appellant’s conduct. See Strode, supra, and Pier-son, supra.

FACTS

Evidence in the record shows that Bobby Baker was born in the United Kingdom in January 1981. An American citizen, he enlisted in the An- Force in December 1998. After recruit training and service schools, he arrived at RAF Mildenhall, United Kingdom, and was assigned duties in Military Personnel Flight (MPF) in April 1999. (R. 343). He became friendly with a number of the younger dependents on the base. Among those dependents was “KAS,” a 15-year-old girl who worked as a summer hire in MPF. (R. 248-249).
Appellant, then 18 years old, and KAS, began dating during the summer of 1999. (R. 249, 252). Appellant was aware that she was only 15 years old because her brother so informed him. (R. 264-265). The relationship between them quickly became physical. (R. 250). KAS testified that while they were dating, appellant touched her breasts and kissed them. (R. 250-251). He also gave her hickies on her stomach, upper chest, and back. (R. 250).
There was no evidence that any activity, beyond mere hugging and kissing, took place in public. Furthermore, KAS testified that appellant did not force this activity upon her, and that she did not find the activity offensive because it comported with her ideas of normal activities within a boyfriend/girlfriend dating relationship. (R. 254, 256).
During his argument on findings, the assistant trial counsel made several references to the difference between appellant’s and KAS’ age. For instance, in his closing argument on findings, the assistant trial counsel made the following assertion:
Now the final element is with [KAS]. Now, there are a lot of definitions here, but a lot of them are the same as one of *332 the previous charges.[1] However, one thing you have to notice, is the definition of “a child.” It’s someone under the age of 16. Now you heard [KAS] testify that [appellant] kissed her breasts. And a couple of times, when they were dating, he touched her breasts with his hands. Now, this involved him touching them under her shirt and bra. Now, what does [appellant] say? He says the same thing again. He says, “I did put several hickies on [KAS’s] upper chest, not her breasts,”—again Agent Kieffer’s addition there—“and I put them on her stomach and her back.” And you heard testimony that hickies were all over her back. So he touched her breasts and he kissed and sucked her skin with his mouth.
Now, one potential warning here. These two are, as the elements show, close in age. He was 18 and she was 15. Now, first of all, do you see anything in the elements that would show that it matters that these two are close in age? No, because there isn’t anything like that. All the crime requires is that the recipient of the indecent act be under the age of 16, and in this case [KAS] was 15.
Now, when a person is under 16, it means that they can’t consent for themselves. So don’t be deceived by the fact that [KAS] let him do these things in some kind of a boyfriend-girlfriend relationship. Consent is not an element. It’s irrelevant. He groped her naked breasts with his hands. He kissed her naked body. She’s under 16, that’s indecent acts with a child, no matter how you look at it. (R. 434-435).
Later, in rebuttal, the assistant trial counsel contended:
Now, if you look at the elements and you see [that] they’re all clearly met. Now, how can you say not groping someone’s breasts under their bra is an indecent act with the intent to gratify his lust. That’s laughable to think he would do this and touch her breasts without attempting to gratify his lust. And let’s take a look at this definition that [defense] counsel harped on. “Indecent acts” signify [sic] that form of immorality relating to sexual impurity which is not only grossly vulgar, obscene, and repugnant to common propriety—and here’s the rest of the definition— but tends to excite lust and deprave morals with respect to sexual relations. Can an— 18 year old [sic] on a IS^year old [sic]— that 15^year old is considered a child. That 15-year old [sic] is an Air Force dependent. It’s obvious—an inference from the facts, is that he did it to excite his lust and that, no matter how you look at it, is indecent acts with a child. You’re obligated to follow the law and the facts, as the judge has instructed you, and that’s what the facts show. (R. 453-454).
Responding to this argument, the defense counsel urged the members to consider the relative ages of appellant and KAS and not find the sexual contact between them to be indecent per se. (See R. 440, 441, 442).
In her instruction on this offense, the military judge provided the members with the elements as set forth in the Military Judges’ Benchbook. Dept, of the Army Pamphlet 27-9 (Sept. 30, 1996)(“Benchbook”)(R. 421) She then defined conduct prejudicial to good order and discipline and service discrediting, also using the definitions from the Bench-book. Finally, she defined indecency in the following language from the Benchbook:
Indecent acts signify that form of immorality relating to sexual impurity which is not only grossly vulgar, obscene, and repugnant to common propriety, but tends to excite lust and deprave the morals with respect to sexual relations. (R. 421).
See id. at 3-87-1 d.
During their deliberations, a member sent the military judge a question with regard to the definition of “indecent.” In particular, the member asked the following question with regard to the specification alleging an indecent act with KAS:
*333 For charge UCMJ 125 Specification 1—In the instructions, bottom of page 4 it says ‘You should consider the accused’s----”
However in Charge UCMJ 134 Specification 2 it never says to (or not to!) consider “[appellant’s] age, education, ...” as in Charge 125, Specification 1. Should we or should we not consider “... accused’s age, education experience, prior contact with or proximity of age to 17 years 361 days when determining whether the acts with [KAS] were indecent per requirement (3)—“that the acts of [appellant] were indecent
However, the military judge gave a rambling and confusing view of the member’s question and then gave a one sentence instruction:
The first [member question] has to do with the UCMJ 125—that’s the forcible sodomy. It ties to that in terms of the question had to do with the instruction on the bottom of page 4, which basically reads: “You should also consider the accused’s age, education, experience, prior contact with [CAB],[2] the nature of any conversations between [appellant] and [CAB], along with the other evidence on this issue.” Then the question goes on about in the Charge under the UCMJ 134, Specification 2, which is the indecent acts with a child, which has to do with [KAS], whether you consider [appellant’s] age education, experience, prior contact with her, or proximity of age in determining whether the acts were indecent, as required by the third element [of the offense].
Specifically why we outline this on page 4 is, that is specifically addressed and applies to the issue of mistake of fact, that whether the accused was mistakenly, honestly, and reasonable—his belief that there was consent to the sodomy—forcible sodomy. So we outline—these are the circumstances you ought to consider in weighing that—the prior contact and all those things.

Now when you’re dealing with [indecent acts], we don’t specifically talk about that.

But my instruction to you is you should consider all the evidence you have, and you’ve heard on the issue of what’s indecent.

(R. 482-483).
The members then departed once more to deliberate. Less than 30 minutes later they returned a guilty finding to, inter alia, committing indecent acts on KAS, a female under the age of 16.

The Adequacy of the Judge’s Instruction

Our concern in this case is whether the military judge appropriately instructed the members of appellant’s court-martial on the charge of indecent acts with a person under the age of 16. See Article 51(c), UCMJ, 10 USC § 851(c) and R.C.M. 920(a), Manual for Courts-Martial, United States (2000 ed.).[3] Appropriate instructions means those instructions necessary for the members to arrive at an intelligent decision concerning appellant’s guilt. See United States v. McGee, 1 MJ 193, 194 (CMA 1975); United States v. Gaiter, 1 MJ 54, 56 (CMA 1975); United States v. Graves, 1 MJ 50, 53 (CMA 1975). An intelligent or rational decision on a person’s guilt requires consideration of the elements of a charged offense, the evidence pertaining to those elements, and applicable principles of law necessary to decide the case. See United States v. Smith, 50 MJ 451, 455 (1999); United States v. Rowe, 11 MJ 11, 14 (CMA 1981). In the military justice system, it is the military judge who is required to tailor the instructions to the particular facts and issues in a case. See United States v. Jackson, 6 MJ 261, 263 n. 5 (CMA 1979); United States v. Groce, 3 MJ 369, 370-71 (CMA 1977).
In this light, we initially note that indecent acts with a person under the age of 16 is not specifically proscribed as one of the enumerated offenses in Articles 77 through 133, UCMJ, 10 USC §§ 877-993. The Code expressly prohibits sexual intercourse between a military person and a person under the age of 16. See Article 120(b), UCMJ, 10 *334 USC § 920(b). Consent is not an element of this offense, and only the act of intercourse need be proven in addition to the age of the victim and her marital status. See para. 45b(2), Part IV, Manual, swpra. The Uniform Code also prohibits sodomy regardless of the age and marital status of the participants. Article 125, UCMJ, 10 USC § 925. Again, consent is not an element of the offense, although the President has made it a sentence enhancement factor. See para. 51e, Part IV, Manual, supra. Otherwise, the Uniform Code of Military Justice does not expressly address sexual activity between a service person and a person under 16 years old.
Military law, however, has recognized that the offense of “indecent acts or liberties with a child” may be prosecuted at court-martial as a service discredit, or disorder, under Article 134, UCMJ, 10 USC § 934. See para. 87, Part IV, Manual, supra. This Court long ago in United States v. Brown, 3 USCMA 454, 13 CMR 10 (1953) recognized this offense as being modeled on District of Columbia Code Ann. 22 § 3501 (1948).[4] We said:
The evident purpose of this type of legislation is to protect children under a certain age from those acts which have a tendency to corrupt their morals, and if the many variations in which it is possible to take indecent liberties with a child are restricted to those founded on an assault or battery, then many debasing acts which are detrimental to the morals of a minor are not proscribed.
The necessity for the law was to throw a cloak of protection around minors and to discourage sexual deviates from performing with, or before them. Assuredly, our interpretation is not inconsistent with that need. The remedy for the evil, if any, is to provide substantial punishment for those who perform indecent and immoral acts which cause shame, embarrassment, and humiliation to children, or lead them further down the road to delinquency.
Brown, 3 USCMA at 457, 461, 13 CMR at 13, 17. Cf. United States v. Knowles, 15 USCMA 404, 405, 35 CMR 376, 377 (1965) (holding military offense of indecent acts with a child must be done in presence of victim).
Paragraph 87b(l), Part IV, Manual, supra, delineates the elements of this offense with respect to physical contact between a service person and a person under 16 years old. These elements are
b. Elements.
(1) Physical contact.
(a) That the accused committed a certain act upon or with the body of a certain person;
(b) That the person was under 16 years of age and not the spouse of the accused;
(c) That the act of the accused was indecent;
(d) That the accused committed the act with intent to arouse, appeal to, or gratify the lust, passions, or sexual desires of the accused, the victim, or both; and
(e) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.
Id. (emphasis added).
The President has further explained that “[l]ack of consent by the child to the act or conduct is not essential to this offense; consent is not a defense.” Paragraph 87c(l), Part IV, Manual, supra.
The specified issue in this case asks whether the military judge plainly erred by failing to give tailored instructions to the members regarding how to determine whether appellant’s conduct was indecent for purposes of the charged offense. We note in this case that, before the members started deliberating, the military judge gave the standard Benchbook instruction on the elements of the offense of indecent acts with a child. Bench-book, supra at 3-87-2. (R. 420) Moreover, at this time, she also gave the standard *335 Benchbook instruction on the meaning of indecency for the purposes of this offense. However, after a member had requested particular instructions on the impact of age and related matters on the issue of indecency, she merely stated “you should consider all the evidence you have, and you’ve heard on the issue of what’s indecent.” (R. 482-483) As noted below, this instruction was clearly insufficient to permit the members to intelligently decide this unusual case. Cf. United States v. Tindoll, 16 USCMA 194, 195-96, 36 CMR 350, 351-52 (1966)(holding indecency instructions sufficient to determine indecent acts with a child). This is especially true in light of this Court’s recent case law addressing the impact of age on the charged crime of indecent acts with a child. See Strode, supra.
The evidence in the record of trial, coupled with the assistant trial counsel’s arguments, raised several critical questions of law concerning appellant’s guilt of the military offense of indecent acts with a child. First, must his sexual conduct with KAS be considered per se indecent because she was a person under the age of 16? Second, must his sexual conduct with KAS be considered per se indecent because she purportedly had not reached the legal age of consent for such conduct? Third, assuming appellant’s sexual conduct with 15 year old KAS was not per se indecent on either of the above grounds, can evidence of factual consent on the part of the KAS be considered in determining the indecency of appellant’s conduct?
This Court has never held that all sexual conduct between a service person and a person under the age of 16 is per se indecent and therefore a crime.[5] Federal civilian criminal law does not prohibit all sexual acts with a person under the age of 16. See 18 USC §§ 2241-2248 (2002). Moreover, in Strode, 43 MJ at 32-33, this Court held that a 22-year-old airman’s guilty plea to indecent acts with a 13-year-old girl was improvident because he asserted that he thought she was at least 16 years old. Id. In so holding, this Court observed that “age is relevant to prove the elements that the act was indecent and service-discrediting.” Id. at 32. However, this Court made it clear that there is no per se rule. This Court held, “there is no magic line of demarcation between decent acts and indecent acts based precisely on the age of the sex partner.” Id. Here, assistant trial counsel suggested to the members a per se rale contrary to the Strode case, and the military judge failed to expressly repudiate it. Cf. United States v. Vasquez, 48 MJ 426, 430 (1998).
This Court also has never held that all sexual conduct between a service person and a person under the age of 16 is indecent because the alleged victim is legally incapable of consenting to sexual acts. See also 18 USC §§ 2242' (2002); cf Article 120(b), UCMJ. The law of consent varies depending on the nature of the sexual act and the jurisdiction in which it was committed. See generally Richard A. Posner and Katharine B. Silbaugh, A Guide to American Sex Laws 44-64 (1996). Moreover, the consensual sexual acts alleged in this case (touching the breasts and kissing the body of KAS), would not be criminal under federal civilian law because the alleged victim was over the age of 12 and was less than four years younger than appellant. See 18 USC §§ 2244, 2243(a), 2246(3)(2002). See generally United States v. Pullen, 41 MJ 886, 888 (A.F.Ct. Crim.App.1995). Again, we note that in appellant’s case, the military judge did not correct either the assistant trial counsel’s misstatement of the law of consent which was unsupported by any evidence in the record. See Vasquez, supra.
Finally, this Court has never held that the factual consent of the alleged victim was irrelevant to determining whether a service person is guilty of indecent acts with a child. No legal support whatsoever was provided by assistant trial counsel for such a broad assertion. On appeal, government appellate counsel summarily relies on paragraph 87(c), Part IV, Manual, supra, for this principle of *336 law. However, this Manual provision states only that the Government is not required to prove the lack of consent of the child to secure a conviction of this offense and the defense cannot rely on the consent of the alleged victim as a defense. It is silent as to whether the factual consent of the victim may be considered on the issue of indecency. Our case law, however, unequivocally holds that all the facts and circumstances of a case including the alleged victim’s consent, must be considered on the indecency question. See Strode, supra; see also United States v. Graham, 56 MJ 266, 267 (2002)(delineating certain circumstances including the alleged victim’s consent as showing that sexual conduct with person under the age of 16 might not be indecent). In addition, persuasive state court authority holds that factual consent is relevant to the issue of indecency. See Pierson, 956 P.2d at 1125-26.
In sum, the military judge in this case should have fully instructed the members in accordance with Strode, supra. First, she should have corrected the assistant trial counsel’s misstatement of the law, and clearly instructed them that the charged sexual acts could not be found indecent solely on the basis that the alleged victim was under the age of 16. Second, she should have directed the members to disregard the assistant trial counsel’s unsupported statements on the law of consent. Finally, the trial judge should have answered the member’s question with a tailored instruction. She should have expressly instructed the members that appellant’s youthful age, the proximity in age between appellant and KAS, their prior relationship, and the alleged victim’s factual consent were circumstances that could be considered in deciding whether the charged acts were indecent. Absent the specifies noted above, the broad, unfocused, instruction to the members to consider “all the evidence you have, and you’ve heard on the issue of what’s indecent” simply did not comply with our case law. See Strode, supra.
Furthermore, we are not convinced that the misstatements of law by the assistant trial counsel were corrected by the standard instructions given by the trial judge. See generally Tindoll, supra. Standard instructions were approved in Tindoll, but that was a case where the age of the service person, who was found guilty of indecent acts with a child for kissing a female under the age of 16, was not discussed. In addition, Tindoll, relied heavily on United States v. Annal, 13 USCMA 427, 32 CMR 427 (1963), a case addressing indecent acts by a 34-year-old officer. In any event, Tindoll did not hold that the standard instructions were sufficient in a case where the Government effectively asserted that the appellant’s conduct was indecent as a matter of law.
Finally, turning to the question of prejudice, we are convinced that the military judge’s failure to completely instruct the members materially prejudiced appellant. See United States v. Eckhoff, 27 MJ 142, 145 (CMA 1988). The evidence in this case supporting the defense argument against indecency was undisputed; all parties agreed that the alleged acts of touching KAS’s breasts and kissing her naked back done in private, were consensual in nature, and done in the context of a boyfriend/girlfriend relationship between a 15-year-old girl an 18-year-old boy. Second, the assistant trial counsel’s repeated “no matter how you look at it” arguments, directly and unfairly undermined appellant’s core defense that the circumstances of his case did not make his acts indecent. Third, the member’s question after the panel had departed for deliberations clearly signaled some confusion within the panel as to how precisely to decide the indecency question. Finally, the military judge’s additional instruction failed to particularly provide the members the tailored, definitive guidance needed to decide this critical element of the charged offense in this case. See Pierson, 956 P.2d at 1128.[6]
*337 The decision of the United States Air Force Court of Criminal Appeals is reversed as to Specification 2 of Charge I and the sentence. The findings of guilty to that charge and specification and the sentence are set aside. In all other respects the decision below is affirmed. The record of trial is returned to the Judge Advocate General of the Air Force for remand to the Court of Criminal Appeals, which may order a rehearing or it may dismiss the affected specification and reassess the sentence based on the remaining findings of guilty.

. Appellant was also charged with committing an indecent assault on a second female. He was found not guilty of this offense.

. The alleged victim of the charged forcible sodomy offense.

. All Manual provisions cited are identical to those in effect at the time of appellant’s court-martial.

. To understand the evolution of D.C.Code Ann. 22 § 3501 (1948), see In re E.F., 740 A.2d 547, 550 (D.C.1999) and Allison v. United States, 409 F.2d 445, 451 (D.C.Cir.1969).

. We have held that the solicitation of illicit sexual activity between a stepfather and his 15 year old stepdaughter was indecent language. See United States v. French, 31 MJ 57, 60 (CMA 1990).

. We do not hold that consensual petting between a service person of 18 years and his girlfriend of 15 years is conduct outside the scope of the military offense of indecent acts with a child. See People v. Plewka, 27 Ill.App.3d 553, 327 N.E.2d 457, 460-61 (1975); cf. People v. Mullen, 80 IIl.App.3d 369, 35 Ill.Dec. 573, 399 N.E.2d 639, 646-47 (1980); Matter of Pima County Juvenile Appeal No. 74802-2, 164 Ariz. 25, 790 P.2d 723, 731-32 (1990); Sorenson v. State, 604 P.2d *337 1031, 1033-35 (Wyo.1979). We hold only that, as a matter of military law, it is a question for the members under proper instructions. See Pierson v. State, 956 P.2d 1119 (Wyo.1998).