BAKER, Judge
(dissenting):
Military service is a line of departure to adulthood. After taking the service oath, a young man or woman is no longer judged by the standards of an adolescent teenager, but rather as an adult by, among other things, the standards contained in the Uniform Code of Military Justice (UCMJ). Changes in maturity, discipline, and values may be less immediate.
At the time of his consensual sexual conduct with KAS, appellant was an adult. KAS was a fifteen-year-old child. Whether appellant’s conduct was indecent was, on these facts, a contextual judgment for the trier of fact to make based on all the facts. See United States v. Wilson, 13 MJ 247, 250 (CMA 1982); United States v. Arviso, 32 MJ 616, 619 (ACMR 1991). There is no indication the members did otherwise, or that the military judge instructed them to do otherwise. A member asked: “Should we or should we not consider ‘... [appellant’s] age, education, experience, prior contact with ... ’ or proximity in age to 17 years 364 days when determining whether the acts with [KAS] were indecent ... [?]” The military judge responded in the affirmative, with a succinct and accurate response: “[M]y instruction to you is that you should consider all the evidence you have, and you’ve heard on the issue of what’s indecent.” She neither over-instructed, nor under-instructed, properly leaving evaluation of the facts to the trier of fact. Too much emphasis on any particular fact might have prejudiced appellant. Too much emphasis on an unasked legal question, may have steered members down the wrong channel, or onto the rocks and shoals of the case law identified in the lead opinion. See United States v. Bellamy, 15 USCMA 617, 620, 36 CMR 115, 118 (1966); United States v. Harris, 6 USCMA 736, 744, 21 CMR 58, 66 (1956); United States v. Speer, 2 MJ 1244, 1249 (AFCMR 1976)(“[T]hough an accused is entitled to have instructions presented relating to any defense theory for which there is evidentiary support, neither he, nor for that matter the Government, is entitled to have particular favorable facts singled out and given undue emphasis.... If trial judges were required to give instructions designed to highlight each individual evidentiary factor presented in favor of the parties, 'instructions would become a mixture of magnifications.’ ” (quoting Harris, 6 USCMA at 744, 21 CMR at 66) (citations omitted)).
The majority now concludes that a better instruction was required. That appellate judges, with time and consideration on their side, can identify issues that might have arisen and might have been discussed in an instruction does not equal error, unless, as a matter of law, the military judge in fact erred. See United States v. Ward, 914 F.2d 1340, 1344 (9th Cir,1990)(“The availability of a better instruction is not a ground for reversal”). The majority has not persuaded me otherwise. Therefore, I respectfully dissent.
At trial, appellant did not object to the instructions given by the military judge. “Failure to object to an instruction or to omission of an instruction before the members close to deliberate constitutes waiver of the objection in the absence of plain error.” R.C.M. 920(f), Manual for Courts-Martial, United States (2000 ed.). To prevail on a theory of plain error, appellant has the *342 threshold burden of persuading this court that (1) there was an error, (2) that it was clear or obvious under current law, and (3) that it materially prejudiced a substantial right. United States v. Finster, 51 MJ 185, 187 (1999); United States v. Powell, 49 MJ 460, 463-64 (1998). “It is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court.” Henderson v. Kibbe, 431 U.S. 145, 154, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977)(emphasis added).
The majority manufactures plain error in this case by coupling trial counsel’s argument with the military judge’s answer to a member’s question regarding indecency. As noted above, but worthy of repetition, the member’s question referred the military judge to her written instructions addressing those circumstances that should be considered on the offense of forcible sodomy. Then, regarding the offense of indecent acts, the member asked “... [sjhould we or should we not consider ‘. accused’s age, education, experience, prior contact with ...’ or proximity in age to 17 years S6í days when determining whether the acts with [KAS] were indecent ... [?]” The military judge responded by explaining that the wording, to which the member had referred, went to the issue of mistake of fact, which might pertain to the charge of forcible sodomy. The military judge then moved to the charge of indecent acts and informed the members that the issue of mistake of fact did not apply. Specifically, she stated,
[n]ow, when you’re dealing with the other offense [the indecent acts], we don’t specifically talk about that [mistake of fact]. But my instruction to you is that you should consider all the evidence you have, and you’ve heard on the issue of what’s indecent.
(Emphasis added.)
In essence, she told the members, ‘Tes, you should consider the accused’s age, education, experience, prior contact with KAS, and proximity of age. Consider all the evidence you have.”
The majority holds that the military judge “failed to provide adequately tailored instructions on the question of indecency after a court member asked for an instruction on this matter.” 57 MJ at 331. I disagree.
The majority’s argument appears to hinge on an incongruous conclusion that the military judge omitted instructional information that might have been responsive to the member’s question. Specifically, the majority argues the military judge’s instruction failed to address:
(1) whether appellant’s sexual conduct with KAS was per se indecent because she was a child, ie., a person under 16;
(2) whether his sexual conduct with KAS was per se indecent because she had not reached the legal age of consent for such conduct; and
(3) assuming appellant’s sexual conduct with KAS was not per se indecent on either of the above grounds, whether evidence of factual consent on the part of KAS can be considered in determining the indecency of appellant’s conduct.
The majority’s analysis concludes that (1) and (2) are not the law, and that as to (3), this Court has never held that consent is irrelevant. In short, “[o]ur case law ... unequivocally holds that all the facts and circumstances of a case including the alleged victim’s consent be considered on the indecency question.” 57 MJ at 335-36. If so, I do not see the error in the military judge’s instruction to “consider all the evidence you have,” which evidence included evidence of factual consent. Moreover, having answered the member’s question, the military judge was not obliged to go further by telling the members what the law was not. Indeed, had the military judge done so, we would be reviewing this case for plain error because her instruction gratuitously confused the members with unsolicited information on legal concepts that challenge even appellate courts.
The majority also finds fault in the military judge’s response to trial counsel’s argument. However, the military judge instructed the members, that argument of counsel are not *343 evidence and that it is the military judge’s responsibility to instruct the members on the law. This instruction expressly admonished the members that they were to accept no other exposition of the law than that coming from the military judge. Heretofore, this Court has found that such instructions adequately protect members from legal argumentation in closing argument. See, e.g., United States v. Jenkins, 54 MJ 12, 19 (2000). Absent extraordinary circumstances, a contrary conclusion would seem to require military judges to go out of their way to comment on the substance of closing arguments. Members are presumed to have followed the instructions of the military judge until demonstrated otherwise. United States v. Holt, 33 MJ 400, 408 (CMA 1991). In addition, appellant failed to object to the argument or request a curative instruction, thereby supporting an inference that if any error was committed it was of small consequence. See United States v. Grandy, 11 MJ 270, 275 (CMA 1981); see also R.C.M. 919(e) Manual, supra (“Failure to object to improper argument before the military judge begins to instruct the members on findings shall constitute waiver of the objection”).
This is a plain error case, yet the majority never defines that term. As a result, it is not clear how the majority arrives at its plain error conclusion. No matter how one defines plain error, a necessary prerequisite is that the underlying error must be clear or obvious under existing law. However, the law cited by the majority does not support its contention that the military judge’s guidance was “clearly inadequate” and “clearly was insufficient.” 57 MJ at 331, 334-35.
None of the three cited cases rejects the propriety of a military judge instructing the members to consider all the facts and circumstances on the question of indecency. The first cited case, United States v. Strode, 43 MJ 29 (1995), is neither a plain error case nor a case about instructions. Rather, it is a case about the providence of a guilty plea to indecent acts and holds merely that an accused’s mistake of fact as to the age of the victim rendered his plea improvident. The second cited case, Pierson v. State, 956 P.2d 1119 (Wyo.1998),* is neither a military case nor a case involving Article 134, UCMJ, and concerns a judicial interpretation of the interplay of state criminal sexual statutes, which may have little, if any, applicability or precedential value with respect to military law. The third cited case, United States v. Tindoll, 16 USCMA 194, 36 CMR 350 (1966), again is not a plain error case. In addition, that case upheld instructions wherein the military judge provided the members with tailored elements and definitions of the terms indecent and intent, instructions remarkably similar to the ones given in this case. “To have amplified thereon,” this Court concluded, “would have been redundant—in essence, a restatement of the elements and the definition of intent.” Tindoll, 16 USCMA at 196, 36 CMR at 352. In any event, the opinion of the majority readily concedes that our ease law “unequivocally holds that all the facts and circumstances of a ease including the alleged victim’s consent be considered on the indecency question.” 57 MJ at 336. That is precisely what the military judge told the members to consider. Thus, clear or obvious error is illogical.
Appellate courts examine instructions “as a whole to determine if the judge balanced the instructions, correctly informed the jurors of the governing law, imbued the jurors with an appropriate sense of responsibility, and avoided undue prejudice.” United States v. Arcadipane, 41 F.3d 1, 9 (1st Cir.1994). In this case, the military judge struck the proper balance, leaving for the trier of fact and not this court the question of whether appellant’s conduct was indecent.

 The majority cites to Pierson v. State on five different occasions in its opinion for a variety of propositions. See, e.g., 57 MJ at 335 (n.6)("We hold only that, as a matter of military law, it is a question for the members under proper instructions. See Pierson, supra."). This is a state case interpreting state statutes that has little, if any, applicability or precedential value with respect to military law, especially in the area of the general article.