# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

## Senior Airman RAMIRO F. HERNANDEZ, JR.
## United States Air Force

## ACM 38596

## 4 November 2015

Sentence adjudged 15 January 2014 by GCM convened at Davis-Monthan Air Force Base, Arizona. Military Judge: Joseph S. Kiefer (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 74 days, forfeiture of $1,000.00 pay per month for 2 months, and reduction E-1.

Appellate Counsel for Appellant: Major Thomas A. Smith.

Appellate Counsel for the United States: Major Jason M. Kellhofer; and Gerald R. Bruce, Esquire.

Before

ALLRED, MITCHELL, and TELLER
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

MITCHELL, Senior Judge:

Before a general court-martial composed of a military judge sitting alone, Appellant was convicted, contrary to his pleas, of indecent liberties with a child, TC, in violation of Article 120, UCMJ, 10 U.S.C. § 920.[1] However, Appellant was acquitted of rape by digital penetration of the genitalia of TC and abusive sexual contact by engaging

---

[1] Because the Article 120 offenses occurred in December 2011, Appellant was charged under the version of Article 120, UCMJ, 10 U.S.C. § 920, applicable to offenses committed between 1 October 2007 and 27 June 2012. *Manual for Courts-Martial, United States* (*MCM*), app. 28 at A28-1 (2012 ed.).

in oral sodomy with her in violation of Article 120, UCMJ, 10 U.S.C. § 920. Appellant was convicted, pursuant to his pleas, of dereliction of duty for unauthorized use of his government travel card and wrongful use of marijuana in violation of Articles 92 and 112a, UCMJ, 10 U.S.C. §§ 892, 912a. The military judge sentenced Appellant to a bad-conduct discharge, 8 months of confinement, forfeitures of $1,000 pay per month for two months and reduction to E-1. The convening authority reduced the confinement to 74 days and otherwise approved the sentence as adjudged.

On appeal, Appellant contends that his conviction for indecent liberties for kissing a 15-year-old female on the mouth is legally and factually insufficient. We disagree and affirm the findings and sentence.

*Legal and Factual Sufficiency*

We review issues of legal and factual sufficiency de novo. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). "The test for legal sufficiency of the evidence is 'whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt.'" *United States v. Humpherys*, 57 M.J. 83, 94 (C.A.A.F. 2002) (quoting *United States v. Turner*, 25 M.J. 324, 324 (C.M.A. 1987)). "[I]n resolving questions of legal sufficiency, we are bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001). The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we are] convinced of the accused's guilt beyond a reasonable doubt." *Turner*, 25 M.J. at 325. In conducting this unique appellate role, we take "a fresh, impartial look at the evidence," applying "neither a presumption of innocence nor a presumption of guilt" to "make [our] own independent determination as to whether the evidence constitutes proof of each required element beyond a reasonable doubt." *Washington*, 57 M.J. at 399. Our assessment of legal and factual sufficiency is limited to the evidence produced at trial. *United States v. Dykes*, 38 M.J. 270, 272 (C.M.A. 1993).

Our superior court has previously examined whether an adult kissing a child is an offense under previous versions of the Uniform Code of Military Justice's prohibition on indecent acts with a child. The resounding answer is that it depends. An adult kissing a child can symbolize a variety of emotions; while under some circumstances the act may be an innocent affirmation of affection, under other conditions the same act constitutes a criminal violation of the Uniform Code of Military Justice. *See United States v. Tindoll*, 36 C.M.R. 350, 352 (C.M.A. 1966). In deciding whether a particular act is indecent or not, "the factfinder must consider *all the circumstances* surrounding the act, not just those favorable to an accused." *United States v. Cottrill*, 45 M.J. 485, 488 (C.A.A.F. 1997) (emphasis in original). *Cf. United States v. Plant*, 74 M.J. 297 (C.A.A.F. 2015) (limiting

legal sufficiency review to words in specification and prohibiting consideration of surrounding circumstances).

The age of the victim is an important factor. *Tindoll*, 36 C.M.R. at 351. "An act that may not be indecent between consenting adults may well be made indecent because it is between an adult and a child." *United States v. Strode*, 43 M.J. 29, 32 (C.A.A.F. 1995). However, our superior court has declined to interpret earlier indecent acts and liberties statutes as creating a per se rule regarding all sexually related activity between those over the age of consent and those under the age of 16. As our superior court explained:

> This Court, however, has distinguished between factual and legal consent where children are involved. *See United States v. Baker II*, 57 M.J. 330, 335 (C.A.A.F. 2002). In *Baker II*, a case involving a 15 year old and an 18 year old Airman who engaged in factually consensual sexual activity, this Court concluded that prior to determining the decency of the acts or whether legal consent existed, the court must consider the child's age, relationship with the accused, and the nature of the sexual acts. *Id.* at 335–36. Thus, this Court declined to adopt a per se rule regarding the age an individual can consent to certain forms of sexual activity. *Id.* "There is no magic line of demarcation between decent acts and indecent acts based precisely on the age of the sex partner." *Id.* at 335 (quoting *United States v. Strode*, 43 M.J. 29, 32 (C.A.A.F. 1995)). However, while the *Baker II* Court concluded that a child under the age of 16 may factually consent to certain sexual activity, this Court has never recognized the ability of a child to legally consent to sexual intercourse or sodomy.

*United States v. Banker*, 60 M.J. 216, 220 (C.A.A.F. 2004).

We are mindful that we may not make findings of fact contrary to not guilty findings. *United States v. Smith*, 39 M.J. 448, 451–52 (C.M.A. 1994). Limiting our review to exclude the actions of which Appellant was acquitted, we find the remaining evidence both legally and factually sufficient for the offense of indecent liberty with a child by kissing her on the mouth.

Appellant was nearly 21 years old when he met TC near the gym in his apartment complex. She told Appellant she was a 15-year-old high school student. He falsely told her he was only 19 years old. She and Appellant texted over the next two weeks. Appellant asked TC to send a picture of herself and she did; however, he did not reciprocate after she asked for a photo of him. TC texted Appellant about meeting at the

gym. He met her there and then they went for a walk in the apartment complex. They started to kiss and "make out." Appellant testified that while they were kissing his hands were moving and he "was touching the general area of her breast and she was also touching me . . . ." He described it as an intimate moment. TC described that she at first declined to kiss Appellant but then relented after he asked if she was scared to kiss him. After they were kissing for a while, Appellant touched her buttocks, her shorts, put his hand inside her jacket and touched her breast and kissed it. He also put his hands inside her shorts and made her touch his penis. TC left Appellant and returned to the residence of her aunt who lived nearby. Her aunt noticed she was upset. After hearing what occurred between TC and Appellant, her aunt called the local police department. The officers responded and obtained evidence to include swabs from TC and Appellant. The swabs from TC's mouth and hands contained DNA consistent with Appellant's DNA.[2] TC's bra was also tested and the inside of her left bra cup contained DNA consistent with Appellant's DNA. The amount of DNA inside her bra was consistent with either direct contact or the possibility of bodily fluid (saliva) from Appellant.

We have considered the elements of the charged offense and the available affirmative defenses. We have considered the evidence in the light most favorable to the prosecution and find the evidence legally sufficient to support the conviction. Moreover, having made allowances for not having personally observed the witnesses, we are ourselves convinced of Appellant's guilt beyond a reasonable doubt of all of the approved charges and specifications.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).[3] Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Deputy Clerk of the Court

---

[2] We remind trial counsel to pay careful attention to the review of the record of trial. The testimony of the witnesses who performed the DNA tests contains a glaring typographical error when in response to where the swab was from on TC the transcript includes the response "from the lips and in the mountain area." The admitted DNA report clearly states the swab was from the lips and mouth. Other obvious typographical errors are likewise evident in the record of trial.

[3] Prosecution Exhibit 11 is a three-page letter of reprimand that was admitted without objection. The first two pages concern incidents in March 2012 when Appellant did not report to his duty location on time. The third page of the document is Appellant's response to a drunk driving incident in 2011. Although this was an error, the drunk driving incident is also mentioned in his properly admitted enlisted performance report. Appellant is not entitled to relief.