UNITED STATES, Appellant

v.

Samuel D. ZACHARY, Sergeant
U.S. Army, Appellee

No. 06-5001

Crim. App. No. 20020984

United States Court of Appeals for the Armed Forces

Argued February 8, 2006

Decided August 14, 2006

GIERKE, C.J., delivered the opinion of the Court, in which
CRAWFORD, EFFRON, BAKER, and ERDMANN, JJ., joined.

Counsel

For Appellant:  Captain Larry W. Downend (argued); Major Natalie
A. Kolb, Captain Isaac C. Spragg, and Captain Edward Wiggers (on
brief).

For Appellee:  Captain Eric D. Noble (argued); Lieutenant
Colonel Kirsten V. C. Brunson and Major Billy R. Ruhling II (on
brief); Colonel John T. Phelps II.

Military Judge:  Stephen R. Henley


__This opinion is subject to revision before final publication.__

Chief Judge GIERKE delivered the opinion of the Court.

Pursuant to Article 67(a)(2), Uniform Code of Military Justice (UCMJ),[1] the Judge Advocate General of the Army certified to this Court this issue:

> WHETHER THE UNITED STATES ARMY COURT OF CRIMINAL APPEALS ERRED WHEN IT FOUND THAT THE MISTAKE OF FACT DEFENSE WAS AVAILABLE TO SERGEANT SAMUEL D. ZACHARY AGAINST A CHARGE OF INDECENT ACTS WITH A CHILD (ARTICLE 134, UCMJ), WHICH IS CONTRARY TO THE HOLDING OF UNITED STATES V. STRODE, 43 M.J. 29 (C.A.A.F. 1995).

At its core, this certified issue asks us to determine whether an honest and reasonable mistake of fact as to the victim's age is an available defense to the crime of indecent acts with a child.[2]  In a published opinion, the United States Army Court of Criminal Appeals concluded that it was.[3]  The Army court further concluded that Appellee's assertion, that he

---

[1] 10 U.S.C. § 867(a)(2) (2000).  The relevant text of Article 67, UCMJ, states:

> (a) The Court of Appeals for the Armed Forces shall review the record in --
>
> . . . .
>
> (2) all cases reviewed by a Court of Criminal Appeals which the Judge Advocate General orders sent to the Court of Appeals for the Armed Forces for review. . . .

[2] Article 134, UCMJ, 10 U.S.C. § 934 (2000).

[3] United States v. Zachary, 61 M.J. 813, 825 (A. Ct. Crim. App. 2005) ("We hold that it is a defense to indecent acts with a child that, at the time of the act, the accused had an honest and reasonable belief that the person with whom the accused committed the indecent act was at least sixteen years of age.").

2

mistakenly believed the alleged victim was over seventeen years of age, set forth matter inconsistent with his guilty plea.[4]

 We agree with the Army court both as to the application of the mistake of fact defense in this factual context and as to the impact of this legal conclusion on Appellee's case.  We reaffirm our decision in United States v. Strode,[5] which held that the defense of mistake of fact is available to a military accused who is charged with committing indecent acts with a child.[6]  We hold in this case that Appellee's statements as to the victim's age raised the possibility of a mistake of fact defense to the crime of indecent acts with a child and, thereby, rendered Appellee's guilty plea to this offense improvident.  We answer the certified question in the negative.

BACKGROUND

 At his general court-martial, Appellee pleaded guilty to two offenses arising from his performing oral sodomy on each of his victims.  These offenses are punishable under Article 134, UCMJ.[7]  The lower court's discussion of the facts states the

---

[4] Id. at 825.
[5] 43 M.J. 29 (C.A.A.F. 1995).
[6] Id. at 32.
[7] 10 U.S.C. § 934 (2000).  "After findings were announced, the military judge granted a defense motion to consolidate the offenses into one specification, including both of the allegations contained in the original specifications.  The military judge dismissed the indecent acts with another specification."  Zachary, 61 M.J. at 814 n.1.

circumstances of Appellee's offenses as they were developed in

the context of Appellee's providence inquiry:

> Appellant pled guilty to one specification of committing indecent acts with a child, [BA] and one specification of committing indecent acts with another, [RL]. During the providence inquiry, appellant testified under oath about the facts and circumstances of the offenses. Appellant explained that he was in a friend's room and the situation "got sexual in nature." He admitted that he performed oral sodomy on both BA and RL, while all three [Appellee in the action before this Court, BA, and RL] were present in the room; that he was not married to either [BA or RL]; and that the acts were done with the intent to arouse the lust and sexual desires of BA. He also agreed that the acts were "open and notorious" because a third person was present; that the acts were indecent; and that they were prejudicial to good order and discipline and service discrediting.[8]

Appellee further asserted that both BA and RL told him they

were seventeen years old, and that they were about to turn

eighteen. In fact, at the time of the offenses, RL was

seventeen years old, and BA was fourteen years old. Appellee

also stated he did not discover BA's true age until a Criminal

Investigation Division agent told him of this case two weeks

later.[9]

Because the certified issue relates only to Appellee's

offense concerning his sexual involvement with BA, we focus on

record references to Appellee's apparent belief that BA was

seventeen when she was in fact only fourteen. Relevant

discussion of this important factual matter occurred at two

---

[8] Id. at 815 (footnotes omitted).
[9] Id.

4

points during trial: during the providence inquiry and during sentencing.[10]

### 1. The Providence Inquiry

Appellee and the military judge discussed Appellee's sexual conduct with BA (Specification 1):

> MJ: Now, with respect to Specification 1; and [defense counsel], your theory of liability in pleading Sergeant Zachary guilty, is that the indecency is not connected to the age of [BA], but rather the fact that the oral sodomy was performed on her by the accused in the presence of a third party. Is that it?
>
> DC: That's correct, Your Honor.
>
> MJ: So even though Sergeant Zachary may have been mistaken about [BA's] age, that mistake is not a defense to this offense, because the indecency, as well as the element of prejudicial conduct and service discrediting conduct, is tied to the nature of the act itself; that is, that the act of oral sodomy was open and notorious; that is, performed in the presence of a third party.
>
> DC: That's correct, Your Honor.
>
> MJ: Do you understand that, Sergeant Zachary?
>
> ACC: Yes, sir.
>
> MJ: Is that your understanding, [trial counsel]?
>
> TC: Yes, Your Honor.

Later, the military judge reexamined the mistake of fact issue:

> MJ: And I think we alluded to this briefly, [defense counsel], but you did have a chance to do your research

---

[10] Regarding the second female victim, RL, the Government charged Appellee with indecent acts with another (Specification 2). This appeal concerns only the crime against BA, indecent acts with a child (Specification 1).

5

into a mistake of fact defense on Specification 1, as it relates to the age of [BA]?

DC:  That's correct, Your Honor.

MJ:  And are you satisfied that the mistake of fact defense does not exist in this case?

DC:  That's correct, Your Honor.

MJ:  And you had a chance to discuss this in some detail with Sergeant Zachary?

DC:  Yes, Your Honor.

MJ:  And again, that's because the indecency is tied directly to the number of participants, rather than the age of the putative victim; correct?

DC:  That's right, Your Honor.

Repeatedly throughout the providence inquiry, the prosecution, defense, military judge, and Appellee agreed that the criminality of the indecent acts with a child offense was rooted only in the fact that the events occurred "openly and notoriously" –- in the presence of a third party, RL. Therefore, everyone at trial failed to recognize that the victim's minor status was a separate and essential element of the crime.[11]  The military judge accepted Appellee's guilty plea.

## 2.  Sentencing

During sentencing, Appellee presented an unsworn statement to the panel members.  Appellee explained that prior to the acts, both BA and RL told Appellee they were seventeen years

---

[11] Manual for Courts-Marital, United States pt. IV, para. 87 (2005 ed.) (MCM).

old, and about to turn eighteen. Appellee further explained that at the time the incident occurred with BA and RL, he "believed [he] was operating with consenting adults."

Appellee also stated he assumed BA and RL were at least seventeen years old. His assumption was based on his previous experience where a staff duty person at the front desk would check the identification cards of any person entering the post. Appellee stated that he thought minors were prohibited from entering the post at night because he believed that there was a Charge of Quarters present who followed identification check procedures. Appellee further explained that he had been at this post only two weeks at the time of the alleged offenses. He later learned that there was not a procedure to ensure that underage persons were prohibited from entering the post.

During closing arguments at sentencing, the trial counsel characterized Appellee's mistaken belief regarding BA and RL's age as "a boldfaced lie," and told the panel members that Appellee "knew how old [BA] was." At the close of the proceedings, the panel members sentenced Appellee to a bad-conduct discharge, forfeiture of all pay and allowances, and reduction to E-1.

DISCUSSION

In a thorough opinion tracing the history of Article 134, UCMJ, and relying on our opinion in United States v. Strode,[12] the Army court held that the affirmative defense of mistake of fact is available for the offense of indecent acts with a child.[13]  In response to the certified issue, we address this question:  Whether an honest and reasonable mistake of fact as to the alleged victim's age is a mitigating factor relevant to the degree of Appellee's culpability, or rather is a valid defense, because it negates an element of the Article 134, UCMJ, offense of indecent acts with a child.

The Army court held the answer was the latter.[14]  We agree. We embrace not only the conclusion of the lower court but also its excellent analysis explaining the law of mistake of fact as it applies to the crime of indecent acts with a child.

### 1.  Article 134, UCMJ, and the Applicability of the Mistake of Fact Defense

In analyzing offenses charged under the general article, Article 134, UCMJ, we look at both the statute and the President's explanation in MCM pt. IV, para. 87 to determine the

---

[12] United States v. Strode, 43 M.J. 29 (C.A.A.F. 1995).

[13] Zachary, 61 M.J. at 821-25.

[14] Id. at 817-25.  The lower court reasoned that in light of Congress' intent to make the age of the victim an element of the crime, Appellant (here Appellee) had the mistake of fact defense available to him at the time he pled guilty.  Because all parties mistakenly believed the defense was not available, Appellee's plea to Specification 1, indecent acts with child BA, was improvident.  Id. at 825.

elements of the offense.  With respect to the alleged offense with BA, the Government charged Appellee with indecent acts with a child under Article 134, UCMJ.  The statutory elements of Article 134, UCMJ are:  (1) that the accused did or failed to do certain acts; and (2) that, under the circumstances, the accused's conduct was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.[15]  The President has identified the offense of indecent acts with a child as a specific offense under Article 134, UCMJ, and set forth the following elements for this offense:

> (a) That the accused committed a certain act upon or with the body of a certain person;
>
> (b) <u>That the person was under 16 years of age and not the spouse of the accused</u>;
>
> (c) That the act of the accused was indecent;
>
> (d) That the accused committed the act with intent to arouse, appeal to, or gratify the lust, passions, or sexual desires of the accused, the victim, or both; and
>
> (e) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.[16]

As to possible defenses to this offense, we note that the President's discussion directly excludes only one recognized defense -- consent.  The explanation states simply, "Consent:

---

[15] <u>MCM</u> pt. IV, para. 60.b.
[16] <u>MCM</u> pt. IV, para. 87 (emphasis added).

9

Lack of consent by the child to the act or conduct is not essential to this offense; <u>consent is not a defense</u>."[17]

It is a basic principle of criminal law that an honest and reasonable mistake of fact can negate the mens rea requirement to a general intent crime.[18]  Incorporating this concept into military law, the President in the <u>MCM</u> has specifically stated that mistake of fact is a defense where, if the circumstances were as the accused believed them to be, "the accused would not be guilty of the offense."[19]  We agree with the Army court's well-reasoned conclusion that neither the President nor Congress intended age to be a strict liability element as to the crime of indecent acts with a child.[20]

---

[17] <u>Id.</u> para. 87.c.(1) (emphasis added).

[18] <u>United States v. Greaves</u>, 40 M.J. 432, 437; <u>see</u> 1 Charles E. Torcia, <u>Wharton's Criminal Law</u> § 78 (15th ed. 1993).

[19] R.C.M. 916(j)(1).

[20] <u>Zachary</u>, 61 M.J. at 821.  The lower court applied a thorough examination of the intended mens rea for the offense of indecent acts with a child.  Referring to the element setting forth the minor status of the victim, the lower court reasoned that this element:

> does not require specific knowledge or intent. Furthermore, there is no indication in either the plain language of the <u>MCM</u> or in the history of the offense that it was intended as a strict liability element where knowledge or intent is immaterial.  Therefore, the element must fall within the second class of elements described in R.C.M. 916(j)(1), which requires only general intent or knowledge."

<u>Id.</u> at 823 (footnote omitted).

## 2. United States v. Strode

Indeed, this Court addressed the applicability of the mistake of fact defense under factually similar circumstances in United States v. Strode.[21] In Strode we expressly stated, "Mistake of fact is available to a military accused who is charged with committing indecent acts with a child under the age of 16 if he had an honest and reasonable belief as to the age of the person and if the acts would otherwise be lawful were the prosecutrix age 16 or older."[22] The lower court identified and properly relied on the authority of Strode and concluded that the mistake of fact defense applied in the present case.[23]

We note that in 1995, when we decided Strode, the mistake of fact of age defense was not available to the strict liability offenses of carnal knowledge and sodomy.[24] Soon after Strode, however, this law changed. In 1996, Congress amended Article 120(b), UCMJ,[25] the carnal knowledge statute, to recognize a mistake of fact defense by a military member who reasonably

---

[21] 43 M.J. at 32-33. In Strode, the accused pled guilty to indecent acts with a child. As opposed to the instant case, the indecency and service-discrediting conduct in Strode was based on the child status of the victim. This factual distinction between the cases does not diminish the authority of Strode as to the availability of the mistake of fact defense to the Article 134, UCMJ, offense of indecent acts with a child.

[22] Id. at 33 (emphasis added).

[23] Zachary, 61 M.J. at 822.

[24] Article 120(b) and Article 125, UCMJ, 10 U.S.C. §§ 920(b), 925 (1994), respectively.

[25] National Defense Authorization Act for Fiscal Year 1996, Pub. L. No. 104-106, 110 Stat. 186 (codified in 10 U.S.C. § 920(d)).

11

believed the victim had attained the age of sixteen and the victim was, in fact, at least twelve years old.[26]  The practical effect of this amendment is that mistake of fact as to age is now a clearly delineated defense for the crimes of sodomy and carnal knowledge.[27]

   We view these legal developments after Strode as buttressing our conclusion and holding in that case.[28]  Again we agree with the reasoning of the lower court that it is illogical and unjust to recognize mistake of fact as to the alleged victim's age as a complete defense to a carnal knowledge offense under Article 120(d), UCMJ, but not to recognize the same defense to the lesser included offense of indecent acts with a child.[29]

---

[26] Pub. L. No. 104-106, § 1113(b), 110 Stat. 462 (1996).
[27] This point is bolstered through an examination of the crime of sodomy.  MCM pt. IV, para. 51.d. lists the "lesser included offenses."  Near the top of this list is the crime of "indecent acts with a child under 16."
[28] The congressional intent in codifying an affirmative defense in 10 U.S.C. § 920(d) was to modify the UCMJ "to conform to the spirit of the Sexual Abuse Act of 1986 (18 U.S.C. §§ 2241-2245)."  S. Rep. No. 104-112, at 1 (1995).  Under 18 U.S.C. § 2243, all sexual acts, sodomy, carnal knowledge, and indecent acts are grouped together.  The mistake of fact defense is provided for all the sexual acts in this grouping.  Thus, it follows that the defense of mistake of fact is available to the Article 134, UCMJ, offense of indecent acts with a child under sixteen.
[29] Zachary, 61 M.J. at 825.

### 3. The Government's Assertions

The Government's basic argument challenging the Army court's holding is that, because the indecency of the act against BA is tied to the "open and notorious" nature of the act rather than to BA's minor status, the mistake of fact of age defense is not available.[30]

The Government makes two main points in support of this assertion. First, the Government argues that for the purposes of proving the elements of indecent acts with a child, the mistaken belief that the victim was over sixteen years old is only relevant in extenuation and mitigation. We disagree. The Army court properly concluded that the minor status of the victim is an element of the offense of indecent acts with a child. There is nothing in the plain language of the article setting out the offense of indecent acts with a child or the MCM explanation of this offense indicating that the minor status of the victim is merely an aggravating factor in determining the degree of Appellee's guilt.

The Government's second point is that the Army court's holding violates this Court's narrow holding in Strode.[31] Specifically, the Government states that the lower court erred in interpreting the language of Strode to allow for the "mistake

---

[30] In this case, the act was open and notorious because Appellee engaged in foreplay with both BA and RL in the presence of the other.

[31] 43 M.J. at 33.

of fact" defense in cases where the indecency is based on something other than the victim's age. The flaw in this argument is that it focuses only on the element that the act of the accused was indecent, and it fails to take into account that the prosecution also must prove the additional element of the charged offense that the victim was under the age of sixteen.

We acknowledge that, as developed in the providence inquiry, the indecency in the present case was based only on the fact that Appellee's alleged sexual contact with BA was in the presence of RL. Specifically, during the providence inquiry, the military judge elicited multiple concessions on the record by Appellee and both counsel that the indecency was tied to the contemporaneous presence of the second victim, RL, rather than to the age of the putative victim, BA. Moreover, both trial and defense counsel reaffirmed this point on the record.

Therefore, in this particular case, the age of the child was not a fact necessary to establish the indecency of Appellee's acts with BA. We observe that the additional fact of the presence of RL establishes only the offense of indecent acts with another, assuming other elements of the offense are established in this case.

To prove the more serious offense of indecent acts with a child, the Government must also prove the additional fact and

element that the child was under the age of sixteen.[32]  The Government's argument on appeal repeats the military judge's error in concluding that a mistake of fact defense as to the age of the child was not available because the Appellee's conduct was otherwise indecent.  The fundamental error in the Government's argument is the assumption that because the presence of the third party would support the element of indecency, the mistake of fact as to the age of the victim would not be available as a defense.

Because the age of the victim remained a separate element of the charged offense of indecent acts with a child, mistake of fact remained a possible defense.  We agree with the lower court that a mistake of fact defense is available as to the offense of indecent acts with a child regardless of whether other facts may establish indecency.[33]

For the foregoing reasons, we agree with the Army court that the minor status of the victim is an element of the offense of indecent acts with a child, not an aggravating factor.[34]  We hold the Army court correctly applied our decision in Strode to conclude that an honest and reasonable mistake of fact defense as to the victim's age under Article 134, UCMJ, does not fall

---

[32] MCM pt. IV, para. 87.
[33] 61 M.J. at 824-25.
[34] See id. at 825.

away simply because the act is indecent for reasons other than the victim's minor status.[35]

### 4. Providence of the Guilty Plea

A guilty plea is set aside upon a showing that a "substantial basis in law and fact for questioning the guilty plea" exists.[36] This Court has held that a military judge has a duty under Article 45, UCMJ,[37] to explain to the accused the defenses that an accused raises during a providence inquiry.[38] "Article 45(a) requires that, in a guilty-plea case, inconsistencies and apparent defenses must be resolved by the military judge or the guilty pleas must be rejected."[39] Where an accused is misinformed as to possible defenses, a guilty plea must be set aside.[40]

When Appellee raised on the record the possibility that he had an honest and reasonable mistake as to BA's age, he set up matter inconsistent with his guilty plea.[41] The military judge

---

[35] Id.
[36] United States v. Prater, 32 M.J. 433, 436 (C.M.A. 1991).
[37] Article 45, UCMJ, 10 U.S.C. § 845 (2000).
[38] United States v. Smith, 44 M.J. 387, 392 (C.A.A.F. 1996).
[39] United States v. Outhier, 45 M.J. 326, 331 (C.A.A.F. 1996) (citing United States v. Jemmings, 1 M.J. 414, 418 (C.M.A. 1976); United States v. Dunbar, 20 C.M.A. 478, 43 C.M.R. 318 (1971)).
[40] Article 45(a), UCMJ (stating that a court shall not accept a plea of guilty where "an accused . . . sets up matter inconsistent with the plea, or if it appears that he has entered the plea of guilty improvidently").
[41] Id.

erred in accepting the guilty plea to indecent acts with a child.

However, the lower court correctly concluded "that appellant's statements during the providence inquiry adequately support a finding of guilty to the lesser included offense of indecent acts with another, in violation of Article 134, UCMJ."[42] Accordingly, the lower court properly affirmed a modified guilty finding and properly reassessed the sentence.[43]

## DECISION

The certified question is answered in the negative and the decision of the United States Army Court of Criminal Appeals is affirmed.

---

[42] 61 M.J. at 825.
[43] Id. at 826.