EFFRON, Chief Judge
(dissenting):
The majority concludes that an honest and reasonable mistake as to the age of a sexual partner is not a defense to the charge of sodomy with a person under the age of sixteen years. I respectfully disagree. The availability of the defense of mistake of fact as to age for such a sodomy charge is consistent with the Manual for Courts-Martial and our Court’s case law.
The present appeal involves the providence inquiry for a guilty plea. The conclusion of the majority also would apply in contested cases, as illustrated by the following example. Two young soldiers attend a party and meet members of the opposite sex who identify themselves as college students. In the course of events, each couple develops a relationship that includes consensual sexual contact. Eventually, various details come to the attention of the command, including facts indicating that the relationships involve persons under the age of sixteen.
Based on the nature of the sexual contact, one soldier is charged with indecent acts with a child under the age of sixteen, while the *48 second soldier is charged with sodomy with a child under the age of sixteen. Manual for Courts-Martial, United States pt. IV, paras. 51.f., 87.f. (2005 ed.) (MCM). At each trial, the soldier testifies that he did not know that the other person was under the age of sixteen, describing the circumstances of the initial meeting and other pertinent facts. In the trial of the soldier charged with indecent acts with a person under sixteen years, the military judge instructs the court-martial that mistake of fact as to age is a defense, and the members return a finding of not guilty on that charge. In the trial of the soldier charged with sodomy with a child, the military judge declines to give the instruction and the members return a finding of guilty.
If the disparity in treatment of these offenses had been prescribed expressly by Congress or the President, that would settle the issue. The disparity, however, is not required by either the statutory or regulatory text that describes the pertinent offenses. Neither statute addresses the subject of age, either as an element of the offense or as a defense. See Articles 125 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 925, 934 (2000). The Manual provisions describing the elements of each offense set forth the proscribed contact with a person under the age of sixteen, but neither contains a limitation on the defense of mistake of fact as to age. See MCM pt. IV, paras. 51.b., 87.b.
The disparity would result not from the express treatment of these offenses by Congress or the President, but from judicial interpretations of the general mistake of fact defense set forth by the President in Rule for Courts-Martial (R.C.M.) 916(j)(l). As a matter of judicial interpretation, the mistake of fact defense in R.C.M. 916(j)(l) is available as to age when the accused has been charged under Article 134, UCMJ, with indecent acts with a person under the age of sixteen. See United States v. Zachary, 63 M.J. 438, 444 (C.A.A.F.2006). Under the majority opinion, however, the same defense would not be available with respect to the charge of sodomy with a person under the age of sixteen.
1. THE MISTAKE OF FACT DEFENSE
R.C.M. 916(j)(l) describes the circumstances in which a person may defend against a charged offense on the basis of a mistake of fact:
Except as otherwise provided in this subsection, it is a defense to an offense that the accused held, as a result of ignorance or mistake, an incorrect belief of the true circumstances such that, if the circumstances were as the accused believed them, the accused would not be guilty of the offense. If the ignorance or mistake goes to an element requiring premeditation, specific intent, willfulness, or knowledge of a particular fact, the ignorance or mistake need only to have existed in the mind of the accused. If the ignorance or mistake goes to any other element requiring only general intent or knowledge, the ignorance or mistake must have existed in the mind of the accused and must have been reasonable under all the circumstances. However, if the accused’s knowledge or intent is immaterial as to an element, then ignorance or mistake is not a defense.
Under the rule, the military judge must decide whether the claimed mistake goes to an element of the offense requiring knowledge or intent. If so, the defense applies. If the accused’s intent or knowledge is immaterial, then the defense does not apply.
In general, neither Congress nor the President has restricted or otherwise regulated the application of the mistake of fact doctrine with respect to specific offenses. Congress has addressed mistake of fact with respect to carnal knowledge, providing a statutory mistake of fact defense as to age. See Article 120(d), UCMJ, 10 U.S.C. § 920(d) (2000). Congress recently added a number of other sexual offenses to Article 120, UCMJ, and provided a statutory mistake of fact defense as to age for certain offenses, including aggravated sexual assault, aggravated sexual abuse, abusive sexual contact, and indecent liberty. Article 120(o)(2). These amendments became effective with respect to offenses occurring on or after October 1, 2007. Exec. Order 13,447, 72 Fed.Reg. 56,179 (Oct. 2, 2007). There is no similar statutory provi *49 sion with respect to sodomy. See Article 125, UCMJ.
Prior to the enactment of Article 120(d), UCMJ, in 1996, the President expressly addressed the mistake of fact defense with respect to carnal knowledge. See, e.g., MCM pt. IV, para. 45.e.(2) (1984 ed.). The President, however, did not prescribe any guidance with respect to the application of the mistake of fact defense to the offense of sodomy. Id. at para. 51.
In the current Manual, the President has provided specific guidance as to the mistake defense with respect to a number of offenses. See, e.g., R.C.M. 916(j)(2); R.C.M. 920(e)(3) (instructions on mistake of fact in carnal knowledge cases); MCM pt. IV, para. 45.-c.(2) (regulating defense of mistake of fact as to age in carnal knowledge cases); id. at para. 19.c.(l)(d) (regulating mistake defense in resisting apprehension cases); id. at para. 25.c.(4) (regulating mistake defense in countersign cases); id. at para. 43.c.(2)(b) (regulating mistake defense as to transferred premeditation in murder cases); id. at para. 49.c.(18) (regulating mistake defense in check cases involving insufficient funds); id. at para. 62.c.(4) (regulating mistake of fact defense in adultery eases). With respect to the new statutory offenses under Article 120, paragraph 45.a.(o)(2) of the Manual sets forth the mistake of fact defenses provided in the statute. Exec. Order 13,447, 72 Fed. Reg. 56,192. The present Manual, however, does not provide specific guidance on the defense with respect to sodomy. See MCM pt. IV, para. 51.
In short, the offense of sodomy is like any other offense under the UCMJ in which the mistake of fact defense has not been regulated by Congress or the President. A military judge must decide at trial whether the defense is applicable, and an appellate court must decide whether the military judge ruled correctly on the issue.
II. AVAILABILITY OF THE MISTAKE OF FACT DEFENSE AS TO AGE FOR THE OFFENSE OF SODOMY
A.
To the extent that our Court has addressed the mistake of fact defense as to age with respect to sodomy, we have done so in dicta in cases in which the granted issue did not involve the offense of sodomy. See, e.g., United States v. Strode, 43 M.J. 29, 31 (C.A.A.F.1995) (suggesting that the mistake of fact defense as to age is not available in sodomy cases); Zachary, 63 M.J. at 442 (suggesting that the mistake of fact defense as to age is available in sodomy cases).
Although Zachary involved a different statute, it serves as the most recent precedent regarding the application of the mistake of fact defense in R.C.M. 916(j)(l) to an offense involving a charge of sexual contact with a child when age is not an element set forth in the statute, but in the Manual. The accused in Zachary was charged with indecent acts with a person under the age of sixteen in violation of Article 134, UCMJ — the general article — a statute that does not expressly address indecent acts, much less age. As noted in Zachary, the applicable Manual provision sets forth several elements describing the proscribed conduct and includes an element requiring proof that the subject of the act was under the age of sixteen. 63 M.J. at 441 — 42. We concluded that age was an element to which the mistake of fact defense would apply, and we expressly rejected the contention that it was merely an aggravating factor as to punishment. Id. at 443-44.
In the absence of any express restrictions or guidance from Congress or the President regarding the availability of the mistake of fact defense for sodomy, the responsibility for determining whether the defense is available under R.C.M. 916(j)(l) rests with the judiciary. Our decision in Zachary offers persuasive guidance because the offense at issue in Zachary — indecent acts with a person under sixteen years — is similar in structure to the offense at issue in the present appeal. Compare MCM pt. IV, para. 87, with id. at para. 51. As in Zachary, age is an element of the offense of sodomy with a child, not merely an aggravating factor as to punishment. Zachary provides an appropriate judicial standard for determining that an honest and reasonable mistake as to age *50 provides a defense to a charge of sodomy with a person under the age of sixteen years. We should adhere to that standard in the present case. In that regard, I agree with Judge Baker’s statutory and regulatory analysis of Article 125, UCMJ, and MCM pt. IV, para. 51.b.
B.
The legislative history of the 1996, 2005, and 2006 amendments to Article 120, UCMJ (rape and carnal knowledge), as set forth in the majority opinion, does not require us to abandon the Zachary standard. The text of the article, both before and after those amendments, expressly sets forth a specific age of the sexual partner — under sixteen years — as the basis for criminal liability. By contrast, the text of Article 125, UCMJ (sodomy), has never set forth the age of the sexual partner as a legislative basis for criminal liability.
The legislative history of the 1996 amendments, as set forth in the majority opinion, makes no mention of Article 125 or sodomy. The sole focus of the 1996 amendments was to conform Article 120, dealing with rape and carnal knowledge, to the treatment of age in similar federal civilian laws. See S.Rep. No. 104-112, § 532, at 243 (1995). We cannot infer that Congress had any focus on sodomy when it developed and passed legislation amending the separate offense of carnal knowledge under Article 120.
With respect to the legislative history of the amendments to Article 120 in 2005 and 2006, the majority opinion does not identify any authoritative statement that would explain why Congress did not address the subject of sodomy in the legislation that amended other sexual offenses. We are not simply confronted with congressional inaction, we are dealing with congressional silence on the reasons for inaction.
Congress has not enacted legislation to make age an element of the offense of sodomy, nor has it made mistake of fact as to age a statutory defense. When we are dealing with an article of the code in which age is not an element of the offense, such as Article 125, we should exercise great caution in drawing substantive inferences from congressional inaction. The problem with such speculation, particularly in the absence of legislative history setting forth a reason for the inaction, is that there are many reasons why Congress may not act on a particular aspect of a legislative proposal. If one were to speculate with respect to Article 125, UCMJ, for example, such speculation could include the possibility that congressional inaction resulted from concern that amending the sodomy statute would run the risk of reopening the highly contentious debate that occurred in 1993 regarding sexual orientation in the military. See H.R.Rep. No. 103-200, at 287-90 (1993), U.S.Code Cong. & Admin.News 1993, pp. 2013, 2073-77. In the circumstances of the present case, however, we need not rely on speculation about this or any other reason for legislative inaction. The majority opinion does not establish that the legislative record provides a sufficient foundation to permit reliance on congressional inaction as a basis for deciding the case before us.
C.
In the course of its statutory analysis, the majority opinion takes the position that “[wjhile the conduct charged under Article 125, UCMJ, in this ease remains criminal, an act of sodomy in private between consenting adults may not be, absent some other fact.” United States v. Wilson, 66 M.J. at 41 (citing Lawrence v. Texas, 539 U.S. 558, 578, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003)). In that context, the majority opinion offers an interpretation of Article 125, a pre-Lawrence statute, based upon the assumed outcome of future litigation regarding the constitutionality of the statute as applied to certain private sexual contact between consenting adults. That is a question that we expressly declined to answer in United States v. Marcum, 60 M.J. 198, 206-08 (C.A.A.F.2004).
The question before us involves the meaning of Article 125, a statute unchanged since Congress enacted the UCMJ in 1950. Congress may decide in the future to decriminalize consensual private adult sodomy, or this *51 Court may decide to hold the statute unconstitutional as applied in certain circumstances. The issue before us, however, is not the future scope of Article 125. The issue before us is the present availability of a mistake of fact defense under a statute, enacted more than fifty-five years ago which, on its face, does not rely on age to distinguish between criminal and non-criminal conduct.
In the present case, the Government and Appellant both agree that the defense of mistake of fact as to age was available. Neither party has urged us to revisit Marcum, 60 M.J. 198, or otherwise reinterpret Article 125 or R.C.M. 916(j)(l). In view of the availability of the defense under R.C.M. 916(j)(l), as underscored by our treatment of a similar offense in Zachary, 63 M.J. 438, we need not enter either the constitutional thicket or the uncertainties of interpreting congressional silence.