BAKER, Judge
(dissenting):
I agree with the majority’s recognition of the traditional rule that “[ojffenses that require no mens rea generally are disfavored ... some indication of congressional intent, express or implied, is required to dispense with mens rea as an element of a crime.” Staples v. United States, 511 U.S. 600, 606, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994) (citation omitted). I also agree with the majority’s observation of the President’s exercise of the authority delegated under Article 36, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 836 (2000), regarding Article 125, UCMJ, 10 U.S.C. § 925 (2000), in that “[t]he President’s addition of the fact of the age of the child also does not contain an explicit mens rea.”
However, I respectfully dissent from the majority’s application of these principles to the circumstances of this ease. In my view, the majority focuses its attention on the wrong questions. The question presented is whether the President, utilizing his authority under Article 36, UCMJ, has made age an element of the offense of sodomy with a child under sixteen, and if so, whether that element includes a mens rea requirement. What this case is not about is: (1) whether Congress has created a mistake of fact defense — it has not; (2) whether this Court can create a mistake of fact defense — it may not; or (3) the nature of the prevailing states legislative practices toward strict liability. Moreover, the parties’ focus on United States v. Zachary, 63 M.J. 438 (C.A.A.F.2006), does not address the President’s language as provided in the Manual for Courts Martial, United States pt. IV, para. 51.b. (2005 ed.) {MCM).
There are two interpretive problems presented. First, the President, who is an appropriate policymaker to make such choices, has listed age as an element of the crime of sodomy and not merely as a sentence enhancer. Id. The elements of sodomy set forth in the MCM are:
b. Elements.
(1) That the accused engaged in unnatural carnal copulation with a certain other person....
Id. And as applicable:
(2) That the act was done with a child under the age of 12[; or]
(3) That the act was done with a child who had attained the age of 12 but was under the age of 16[; or]
(4) That the act was done by force and without the consent of the other person.
Id. Moreover, whether the paragraph subheading is dispositive or not, age is tantamount to an element. “[T]he relevant inquiry is one not of form, but of effect — does the finding expose the defendant to greater punishment than that authorized.” Apprendi v. New Jersey, 530 U.S. 466, 494, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Indeed, the military judge advised the accused that age was an element of the offense. Thus, this is not a situation where the law is silent. Rather, the MCM expressly includes age as an element. Therefore, the general rule in civilian practice is not applicable in military practice where the President has in fact “legislated” a further gloss onto the statutory language.
*52 Here the second problem arises. Although it appears certain that the drafters of the MCM provisions have listed age as an element of the offense of sodomy, it is equally uncertain what degree of mens rea this element was intended to bear. This ambiguity is reflected in the Government’s own concession that the defense of mistake of fact applies. It is also reflected in the manner in which “the act” is set out in the elements.
On the one hand, one can read the elements of the offense so that the act in question is alone contained in the first element— “that the accused engaged in unnatural carnal copulation.” In this case, the other three elements are, in effect, aggravating factual circumstances. Indeed, this may represent the better view.
On the other hand, the second and third (as applicable) elements can be read to state that “the act” is “unnatural carnal copulation with a child under the age of [twelve or sixteen].” And, it would appear that the military practice is to charge the offense of “sodomy with a child under [twelve or sixteen]” and not merely “sodomy,” with an aggravating factor. Indeed, while disavowing the dicta in Zachary, the government has argued in other cases that the mistake of fact defense applies to sodomy with a child under sixteen.
This ambiguity is important, because the question of intent only applies to acts and not to facts, and if the only act in question were “sodomy,” as opposed to “sodomy with a child under 16,” then additional elements (2) and (3) pertaining to age would require no mens rea and therefore, no opportunity for a mistake of fact defense would exist.
This ambiguity is important as well given the majority’s suggestion that this Court is not an appropriate policy-making body to address the question presented. We are not a policy-making entity. But in light of the ambiguity in the MCM’s drafting, this Court should be interpreting the language using the tools of statutory construction. This is what judges do where the law is unclear or subject to more than one possible reading.
Applying the same principles of statutory construction identified by the majority, I would conclude that both readings of the MCM are available — one treating “sodomy with a child under sixteen” as a general intent crime and one treating the act of “sodomy” alone as a general intent crime, with age as an additional factual element not requiring intent. In the former case, the mistake of fact defense would be available where the mistake was honest and reasonable. Rule for Courts-Martial (R.C.M.) 916(3)0).
An intent to extinguish mens rea “must be clearly indicated in the statutory language or in the President’s implementation of the UCMJ through the MCM. Otherwise, an accused would not be placed on fair notice of the threshold for criminal conduct.” United States v. Thomas, 65 M.J. 132, 138 (C.A.A.F. 2007) (Baker, J., dissenting). As a result, this seems to be the sort of case where any ambiguity should in fact inure to the benefit of the accused. Cleveland v. United States, 531 U.S. 12, 25, 121 S.Ct. 365, 148 L.Ed.2d 221 (2000) ([A]mbiguity concerning the ambit of criminal statutes should be resolved in favor of lenity) (citation omitted); Hughey v. United States, 495 U.S. 411, 422, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990) ([Longstanding principles of lenity ... demand resolution of ambiguities in criminal statutes in favor of the defendant). This seems especially appropriate where the ambiguity is easily addressed through executive clarification and amendment.