CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
PENLAND, HAYES, and MORRIS
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private First Class JUSTIN M. SCOTT**
**United States Army, Appellant**

ARMY 20220450

Headquarters, III Corps and Fort Cavazos
Tiffany P. Pond and Joseph T. Marcee, Military Judges
Colonel Runo C. Richardson, Staff Judge Advocate

For Appellant: Lieutenant Colonel Dale C. McFeatters, JA; Major Mitchell D. Herniak, JA (on brief); Colonel Philip M. Staten, JA; Major Mitchell D. Herniak, JA (on reply brief).

For Appellee: Colonel Christopher B. Burgess, JA; Major Justin L. Talley, JA; Captain Lisa Limb, JA; Ms. Julianna Battaglia (on brief).

14 March 2024

---
OPINION OF THE COURT ON REMAND [1] [2]
---

MORRIS, Judge:

Appellant asserts the evidence is factually insufficient to support a finding of guilty where appellant raised the affirmative defense of mistake of fact as to age. We disagree.[3]

---

[1] Corrected

[2] On 1 February 2024, the Court of Appeals for the Armed Forces set aside our Opinion of the Court in this case, dated 27 October 2023, and remanded to this court for further review under Article 66, UCMJ. After further review, this new Opinion of the Court is issued.

[3] We have also given full and fair consideration to the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find they warrant neither discussion nor relief.

## BACKGROUND

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of sexual abuse of a child in violation of Article 120b, Uniform Code of Military Justice [UCMJ], 10 U.S.C. § 920B. The military judge sentenced appellant to a reprimand, reduction to the grade of E-1, sixty days' restriction, sixty days' hard labor without confinement, and a dishonorable discharge. The convening authority took no action on the findings or sentence.

There is little dispute about the incident that formed the basis of the offense. After several months of playing on-line video games with the 15-year old female victim, appellant first sent the victim a private Snapchat message saying "So if I 'accidentally' send you a dic[k] pic, would that be ok?" and then subsequently sent her a picture of his clothed groin area. Appellant and the victim disagree about the contents of the picture. The victim testified that the photograph appellant sent showed an outline of his erect penis. Appellant's friend, Private First Class (PFC) ▉, testified that when he confronted appellant about the picture, appellant stated the contents were "insinuating." Appellant testified that while the picture he sent did not depict an erection, he was "horny" and "testing the waters."

Appellant asserted the affirmative defense of mistake of fact as to age. Both the victim and PFC ▉, who had introduced appellant to the victim for the purpose of the group playing online video games together, testified they had each told appellant the victim's specific age of 15 and reiterated her youth many times. To the contrary, appellant insisted they only ever described her as underage and that if accurate, the birthdate listed on the victim's Facebook profile would have meant she was 18.

## LAW AND DISCUSSION

This court reviews questions of factual sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). Additionally, the National Defense Authorization Act for Fiscal Year 2021 amended Article 66(d)(1)(B) regarding our factual sufficiency review reads as follows:

(B) FACTUAL SUFFICIENCY REVIEW

(i) In an appeal of a finding of guilty under subsection (b), the Court of Criminal Appeals may consider whether the finding is correct in fact upon request of the accused if the accused makes a specific showing of a deficiency in proof.

(ii) After an accused has made such a showing, the Court may weigh the evidence and determine controverted questions of fact subject to –

(1) appropriate deference to the fact that the trial court saw and heard the witnesses and other evidence; and

(2) appropriate deference to findings of fact entered into the record by the military judge.

(iii) If, as a result of the review conducted under clause (ii), the court is clearly convinced that the finding of guilty was against the weight of the evidence the Court may dismiss, set aside, or modify the finding, or affirm a lesser finding.

Pub. L. No. 116-283, § 542(b), 134 Stat. 3611 – 12. The amendment to Article 66(d)(1)(B) applies only to courts-martial, as here, where every finding of guilty in the Entry of Judgment is for an offense that occurred on or after 1 January 2021. *Id.* at 3612.

Vital to appellant's factual insufficiency claim is his assertion of the mistake of fact as to age defense. Mistake of fact is available to a military accused if he honestly and reasonably, but mistakenly, believed the victim was at least 16 and if the acts would otherwise be lawful if the victim were at least 16. *United States v. Zachary*, 63 M.J. 438, 442 (C.A.A.F. 2006); *see also United States v. Strode*, 43 M.J. 29, 33 (C.A.A.F. 1995). Further, the ignorance or mistake could "not be based on negligent failure to discover true facts." Dep't of Army, Pam. 27-9, Legal Services: Military Judge's Benchbook, para. 3-45b-2, note 3 (15 August 2023) [Benchbook].

Given the testimony on the record credibly establishing the victim was at the very least underage, it was negligent for appellant not to inquire as to her specific age before engaging in conduct that would be unlawful if the victim had not attained the age of at least 16. The testimony on the record established appellant had been told the victim was between 14-15 years old. No one told appellant the victim was 16. A reasonable person observing conflicting information between the birthdate listed on social media and statements from the victim and PFC ███ would have been on notice that he needed to confirm her age. Because he negligently failed to discover true facts about the victim's age, appellant's mistake of fact defense fails. Since we are not clearly convinced the finding of guilty was against the weight of the evidence, we find the trial court's findings in this case to be factually sufficient.

The government cites to a recent published opinion from the Navy-Marine Corps Court of Criminal Appeals for the proposition the new Article 66 creates a presumption of guilt in our factual sufficiency review. We find no support for that

3

SCOTT — ARMY 20220450

conclusion. While we agree with much of our sister court's analysis in *United States v. Harvey*, we disagree that "Congress has implicitly created a rebuttable presumption that in reviewing a conviction, a court of criminal appeals presumes that an appellant is, in fact, guilty." *United States v. Harvey*, 83 M.J 685, 693 (N.M. Ct. Crim. App. 23 May 2023). Once appellant makes a specific showing of a deficiency in proof, we will conduct a de novo review of the controverted questions of fact. While we hold the new burden of persuasion with its required deference makes it more difficult for one to prevail on appeal, we stop short of finding an implicit creation of a rebuttable presumption of guilt and will continue to conduct a de novo standard of review.

## CONCLUSION

On consideration of the entire record, the findings of guilty and sentence are Affirmed.

Senior Judge PENLAND and Judge HAYES concur.

FOR THE COURT:

STEVEN P. HAIGHT
Acting Clerk of Court

4