BAKER, Chief Judge
(dissenting):
I adhere to my position in United States v. Fosler, 70 M.J. 225 (C.A.A.F.2011) (Baker, J., dissenting), and United States v. Ballan, 71 M.J. 28 (C.A.A.F.2012) (Baker, J., concurring in the result). “A specification is sufficient to allege an offense if ‘it contains the elements of the offense intended to be charged, including words importing criminality or an allegation as to intent or state of mind where this is necessary.’ ” Fosler, 70 M.J. at 244 (Baker, J. dissenting) (quoting United States v. Tindoll, 16 C.M.A. 194, 195, 36 C.M.R. 350, 351 (1966)). Here, as in Fosler, the specification was pleaded under Article 134, UCMJ, 10 U.S.C. § 934 (2006), and alleged that a married man wrongfully engaged in sexual *218 intercourse with a woman not his wife. I reiterate the point I made in Fosler:
Outside the military context, words of criminality alone might not provide such notice. In the military, however, not all adultery is or should be criminalized .... In the military, the offense of adultery can only be prosecuted if it offends good order and discipline or is service discrediting. Thus, this specification was more than sufficient to meet the constitutional requirement.
70 M.J. at 244. “Fair notice under the due process clause, which is surely demonstrated by actual notice, is satisfied whether that notice comes in the form of the plea colloquy, mutual agreement between the parties, or by judicial determination before or during the trial.” Ballan, 71 M.J. at 37 (Baker, J., concurring in the result).
Appellee was on notice that his conduct was charged under Article 134(1), (2), or both. Moreover, this is a textbook case for why adultery in the military is subject to criminal sanction and can be both service discrediting and undermine good order and discipline: the acts occurred in base housing; the acts occurred with the spouse of a deployed servicemember; the allegations caused AEH’s deployed spouse to return home; Appellee was the father of three minor children; AEH was the mother of two minor children; AEH’s children were present and one witnessed Appellee trying to kiss AEH; and the evening involved heavy quantities of alcohol, which Appellee brought to the home. Furthermore, even were I to agree with the majority that there was error in the drafting of the adultery specification at issue here, it remains far from “blatantly obvious” how Appellee was prejudiced in the preparation of his defense in this case. United States v. Humphries, 71 M.J. 209, 217 n. 10 (C.A.A.F.2012).
In light of my position based on Fosler that there was no error here, I therefore must address the underlying issues behind the question certified to this Court. The first issue is whether this Court has jurisdiction to review a Court of Criminal Appeals opinion where the Court of Criminal Appeals has purported to rule on the basis of sentence appropriateness. On the one hand, sentence appropriateness review is a discretionary grant of authority provided to the Courts of Criminal Appeals. These courts have broad authority to review or modify sentences: “[T]he Court of Criminal Appeals .... may affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved.” Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2006).
On the other hand, in United States v. Nerad, this Court recognized that in certain contexts the exercise by a Court of Criminal Appeals of sentence appropriateness could raise questions of law reviewable by this court.
While the [Court of Criminal Appeals] clearly has the authority to disapprove part or all of the sentence and findings, nothing suggests that Congress intended to provide the [Courts of Criminal Appeals] with unfettered discretion to do so for any reason, for no reason, or on equitable grounds, which is a function of command prerogative.
69 M.J. 138, 145 (C.A.A.F.2010). “[T]he statutory phrase ‘should be approved’ does not involve a grant of unfettered discretion but instead sets forth a legal standard subject to appellate review.” Id. at 146 (citations omitted).
Where, for example, the exercise of such authority results in “obvious miscarriages of justice or abuses of discretion,” we may review whether a sentence “should be approved.” United States v. Tardif, 57 M.J. 219, 223-24 (C.A.A.F.2002). This mimics other areas of the law that at first glance appear to be rooted in fact or discretion, but otherwise present reviewable questions of law when exercised in an arbitrary manner. Thus, for example, facts — which are ordinarily outside the scope of this Court’s jurisdiction — are reviewed for an abuse of discretion and may be reversed where they are clearly erroneous. Similarly, notwithstanding the Court of Criminal Appeals’ sentence review authority, where a sentencing disparity re- *219 suits, this Court will review sentences in similarly situated cases for “obvious miscarriages of justice or abuses of discretion.” United States v. Lacy, 50 M.J. 286, 288 (C.A.A.F.1999) (quotation marks and citations omitted).
Ultimately, however, I do not need to reach a decision as to whether and when this court can or should review a Court of Criminal Appeals’ exercise of sentence appropriateness, because it is not clear on what basis the lower court in fact remanded Appellee’s case to the convening authority for a new action. The language used is east as an exercise in sentence appropriateness. However, if the Court of Criminal Appeals was exercising its sentence appropriateness power, then there would be no need to remand to the convening authority for a new action, for the review of a sentence for appropriateness is an authority granted to the Court of Criminal Appeals, not the convening authority. Thus, it would appear if actions speak louder than words, this case was not remanded on the basis of sentence appropriateness.
However, if the Court of Criminal Appeals was seeking to accomplish an appropriateness end to which it did not itself have the authority to reach — suspension of a bad-conduct discharge — then it was acting beyond its legal authority. Whether a court has legal authority to act clearly presents a question of law subject to review by this Court. The Court of Criminal Appeals cannot direct the manner in which the convening authority exercises his or her independent clemency power under the guise of sentence appropriateness.
However, in this case it did not do so. The plain language of the lower court’s remand indicates that it was providing the convening authority an opportunity to reconsider his earlier action. But if so, on what basis did the Court of Criminal Appeals act if not under its appropriateness power? Does the Court of Criminal Appeals have the authority to require the convening authority to reconsider actions in the absence of legal or factual error? If so, it has not articulated this authority in its opinion.
Therefore, rather than decide this case on the basis of Foster, I would remand this case to the Court of Criminal Appeals for a new review. In the event the Court of Criminal Appeals sets aside the convening authority’s original action and remands for a new action, it should specify with clarity the basis for doing so. In the event it disapproves the bad-conduct discharge as a matter of sentence appropriateness, it should indicate why such action does not amount to a miscarriage of justice in a case where the accused received far less than the maximum allowable sentence and where all of the factors relevant to sentence appropriateness for this act of adultery appear to be aggravating factors.